No. 2813

Second Circuit

---

PARKER v. LETON GIN CO.

---

(November 6, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. Louisiana Digest—Master and Servant —Par. 158.

Where one is employed to operate a press, but his duty is also to assist in doing work around the ginstands, he is with-

in the scope of his employment in working around the ginstands.

2. **Louisiana Digest—Master and Servant —Par. 159.**

One will be granted compensation as for 'total disability during the time of re-covery from an operation amputating a portion of the phalanx of a finger, al-though it was possible for him to drive an automobile using his other hand.

3. **Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

The amputation of a portion of the first. phalanx of the middle finger which caused total disability for eight weeks, but no disability thereafter, will not be sufficient for the court to grant compensation for any longer period of time under the Employers' Liability Act No. 20, 1914, and amendments.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. John S. Richardson, Judge.

Action by John W. Parker against Leton Gin Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Robertson & Gibbs, of Shreveport, attorneys for plaintiff, appellant.

Lee & Lindsey, of Minden, attorneys for defendant, appellee.

ODOM, J.   The plaintiff brings this suit under the Workmen's Compensation Act to recover compensation for 109 weeks, alleging that he was injured while operating a gin owned by the defendant.

He claims total disability for nine weeks and compensation for 100 weeks additional.

The defense is a general denial coupled with the special plea that plaintiff was employed to operate the presses and that it was no part of his duty to operate the ginstand at which he was injured and that, therefore, his injury did not arise in the scope of his employment.

There was judgment in the District Court rejecting plaintiff's demands, from which he has appealed.

OPINION

The testimony shows that plaintiff was employed by the defendant gin company at a daily wage of $3.00.

While plaintiff alleges and swears that he was employed to operate the gin, the testimony adduced by defendant is to the effect that he was employed to operate the press and not the gin stand.

The testimony satisfies us that, as a matter of fact, plaintiff was employed to operate the gin presses and not the gin-stand; but it also satisfies us that it was customary for the employees of the de-fendant company, while operating its gin, to assist in whatever work around the gin might become necessary.

It seems that at the time plaintiff received the injury of which he complains they were ginning wet cotton which very frequently clogged the saws, when it be-came necessary to stop the gin and clean the saws.

The testimony introduced by defendant shows that at such times it was customary for all those engaged in and around the gin to assist in cleaning the saws. The party employed as bookkeeper testified that he had, on occasions, quit his work and as-sisted in such work around the ginstand, and that, while it was not the duty of the men employed to operate the presses to work at the ginstands, that it was cus-tomary to call in the various hands to assist in that work.

There is no testimony that any of the defendants had ever instructed plaintiff not to work around the ginstands, and while they all state that it was not plaintiff's duty to work there, yet the evidence makes it perfectly clear that, as a matter of fact, he did so on occasion when assistance was necessary.

Plaintiff testified that while he was working around one of the ginstands he got his hand caught in some part of the machinery and had it crushed and badly injured.

The defendant, in brief, states its defense as follows:

"Plaintiff suffered this injury while attempting to relieve the choked condition of the ginstand, which had become clogged with unginned cotton. Defendant's contention is that, as plaintiff was acting outside the scope of his employment at the time of the injury, the accident did not arise out of and in the course of his employment, and, therefore, defendant is not liable, and that the injury was of such a minor nature as not to entitle plaintiff to compensation."

As already stated, it is true that it was not plaintiff's duty to operate the ginstand, yet the testimony shows beyond question that it was customary for the men employed to operate the presses to assist in doing work around the ginstands when the occasion demanded it.

Our opinion is that defendant's contention that plaintiff was not injured in the course of his employment is not well founded.

Doctor Worley, who dressed plaintiff's wound, described the injury as follows:

"Well, the middle finger—this finger here—was lacerated and torn. The end of it was entirely torn off and the nail was almost torn off and the bone was crushed. This finger here was mashed and was cut around the nail; I have forgotten whether it was this side or this side. I had to amputate this finger here back about two-thirds from the end of the bone."

Further testimony from Doctor Worley elicited the fact that only a portion of the first phalanx of the middle finger was amputated, and that this finger for quite a while after the accident was slightly stiff and somewhat tender. Aside from that, there seems to be no permanent injury to plaintiff's right hand.

Plaintiff testified that, while he was able on the date of the trial, in May, following the accident on November 17, to plow and do other farm work, his hand was still tender and that it sometimes hurt him at night after a day's manual labor.

Doctor Worley testified that plaintiff's disability was very slight and that his hand was constantly getting better.

The testimony convinces us that plaintiff received no permanent injury and that he is not entitled to compensation beyond the period during which he was disabled by the accident.

While plaintiff does not so state, specifically, we gather that his demand for compensation over a period of 100 weeks is based upon Clause (e) of Subsection 1 of Section 8 of the Act.

However, there is no testimony to warrant the court in awarding him compensation under that clause.

There is no question, however, but that plaintiff is entitled to receive compensation during the period of his disability. He testified that he was unable to do any work for some nine or ten weeks. He was under the care of Doctor Worley from November 17 until January 16 the following year, or approximately 53 days. During

that time, we are satisfied, he was not physically able to do manual labor of a reasonable character, the injury being to his right hand. And while it is shown that he was able to drive an automobile during that time, it is also shown that he used his left hand entirely in doing so.

We think that plaintiff is entitled to compensation during the period of eight weeks.

There is some testimony in the record that a few days subsequent to the date of the injury one of the defendants told plaintiff that when his hand quit hurting him he might come back to the gin and take charge of the wagons in the yard, which required no physical exertion except marking and numbering of the wagons.

We think it probable that plaintiff could have done this work, provided he could use chalk for marking the wagons with his left hand.

But the fact remains that he was physically unable to do any work of a reasonable character, and even though defendant was willing to give him some light work and to pay him some compensation therefor does not destroy the fact that he was not able to do manual labor of a reasonable character over that period of time.

Plaintiff was receiving $3.00 per day for his services, which amounts to a weekly compensation of $18.00. He is entitled to 65 per cent of that amount, or $11.70 per week for a period of eight weeks.

The testimony further shows that his doctor's bill amounted to $50.50, which should be paid by defendant.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment of the District Court be reversed and avoided, and it is now ordered that plaintiff have judgment against the defendant for compensation at $11.70 per week for a period of eight weeks and the sum of $50.50 medical bill.

It is further ordered that defendant pay all costs of this suit.