## LANDRY v. SOUTHERN BOILER SCALING CO.

(April 1, 1929.  Opinion and Decree.)
(May 21, 1929.  Writ of Certiorari and Review Refused by Supreme Court.)

R. A. Dowling, of New Orleans, attorney for plaintiff, appellee.

John May, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, a machinist, while in the course of his employment with defendant, sustained an injury which necessitated the amputation of two phalanges of his left index finger.

Under Paragraph 11, of Section D, of Subsection 1, of Section 8, of Act 85 of 1926, the loss of two phalanges of any finger other than the thumb is considered as equal to the loss of one-half of such member.

Under Paragraph 2, of the same section, the loss of any index finger entitles claimant to sixty five per cent (65%) of his wages during thirty weeks (30), therefore, claimant, under Paragraph 11, was plainly entitled to, and in fact, received sixty-five per cent (65%) of his wages for fifteen (15) weeks, half the time provided for the total loss of the finger.

Claimant now contends, however, that the stump of his index finger is so sensitive and is of so little use to him in his trade as a machinist, that it should be treated as though it were included within Paragraph 14, of Section D, of Subsection 8, of the Act referred to.

The clause reads as follows:

"A permanent total loss of the use of a member is equivalent to the amputation of the member."

Claimant contends that the case of Rutter vs. New Orleans Public Belt Railroad, 119 Sou., p. 877, is directly in point and authorizes us to award him compensation on the same basis as though the entire index finger had been removed.

In the Rutter case, two phalanges of the finger were amputated, and to that extent the injury in that case was identical with the one sustained by Landry, but it appears that in the Rutter case, that part of the finger that was left, to-wit: The stump, was rendered utterly useless and could not even be moved, voluntarily, by Rutter.

The surgeon testified that he had attempted to save the lost phalanges by suturing the flexor tendon to the periosteum, but that the suturing did not hold, and in consequence, the use of the stump was lost.

The Supreme Court, therefore, held that Rutter had lost the use of the entire finger because he had no control whatever over that portion that remained.

In the case before us, Landry has not lost the use or control of the stump of his finger, and in fact, the finger seems to be in just about the condition which may be expected of a finger, the two phalanges of which have been removed.

Claimant contends that the stump is of no use to him in his trade. This is probably true and we cannot imagine that the stump of this finger can be of much help to claimant in attending to his work as a machinist, but the Statute does not provide for payment for the whole finger, merely because the remaining portion is of no use to the claimant in his particular kind of work, but only if he has sustained "a permanent total loss of that member."

We frankly confess that we cannot imagine just what help the stump of a finger will be to anyone, in any trade, but the Statute plainly contemplates that such a remaining portion will have some use, and therefore, provides, as we interpret it,

that so long as that portion which remains is able to be controlled by the claimant, he has not lost its use.

We are, therefore, of the opinion that claimant is entitled to recover only for the loss of two phalanges of the finger, or for sixty-five per cent (65%) of his wages for fifteen (15) weeks, and as he has been settled with on this basis, there is nothing more due him.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be and it is annulled, avoided and reversed and that there now be judgment in favor of plaintiff, and against plaintiff, dismissing this suit.

Costs to be paid by plaintiff.