**CAMET v. ÆTNA INS. CO.***

No. 16674.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

Max Schaumburger, R. H. Kierr, and R. D. Samsot, all of New Orleans, for appellant.

St. Clair Adams, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit against the Ætna Insurance Company, the insurance carrier of the Celotex Company, plaintiff's employer. The plaintiff was injured June 15, 1936, while engaged in operating a disc saw. His third and little fingers of his left hand were lacerated. One and one-half phalanges of his third finger were subsequently amputated. In his petition he claimed 65 per cent. of $15.84, his weekly wage, for 10 weeks and, in the alternative, 1 week. Plaintiff was admittedly disabled for 8 days and was paid compensation for 1 day, the first week of disability not being allowed. He returned to his employment on the ninth day and worked for 7 weeks in the "sample department" of his employer receiving his regular salary of $15.84 per week. At the end of this period he was informed that he would have to return to his former occupation as an operator of a mechanical saw. Believing that he was unable to perform the

*Rehearing denied Oct. 4, 1937.

duties of his former employment and being unwilling to attempt it, he was discharged. Thereafter he obtained a position in Montet's Garage in the city of New Orleans at a weekly wage of $15, a position which he held for some time before his employment with the Celotex Company; and in which he was still employed when this suit was tried, two months after he left the Celotex Company.

A number of exceptions were filed by defendant and overruled and have since been abandoned. Answering to the merits, defendant contends that all compensation due plaintiff has been paid him, his disability having lasted but 8 days and defendant being under no obligation to pay him for the first week under the authority of subsection 4 of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 361, which provides:

"No compensation shall be paid for the first week after the injury is received; provided, however, that in cases where disability from injury continues for six weeks or longer, after date of the accident, that after six weeks have elapsed, compensation for the first week shall be paid."

Plaintiff's suit for 10 weeks' disability, as presented in his petition, is based upon section 8, subsec. 1, subd. (d), pars. 3, 11 (Act No. 242 of 1928, pp. 357, 358), which reads as follows:

"3. For the loss of any other finger, or a great toe, sixty-five per centum of wages during twenty weeks. * * *

"11. For the loss of the first phalanx of the thumb or big toe, or two phalanges of any finger or toe, shall be considered to be equal to the loss one-half of such member, and the compensation shall be one-half of the amount above specified."

On March 5, 1937, after the case had been submitted, a motion was filed by plaintiff in which it was alleged that he desired to file a supplemental and amended petition containing the necessary averments to support a claim for compensation for partial disability under subsection 1, subdivision (c), of section 8 of the compensation statute (Act No. 242 of 1928, p. 357). Permission to file the supplemental petition was declined on the ground that plaintiff was without right to amend after the case had been submitted for judgment.

Judgment was thereafter rendered in favor of defendant dismissing plaintiff's suit, and he has appealed.

Considering first the claim for compensation for specific injury, we observe that plaintiff did not lose two phalanges of his middle finger and that, as was held in Bell v. Merchants' Cotton Oil Company, 160 La. 585, 107 So. 436, the loss of one phalanx of a finger is not compensable. See, also, Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754; Landry v. Southern Boiler Scaling Company, 10 La.App. 685, 121 So. 363. No recovery, therefore, can be had under the provisions of the statute relative to specific disability.

In regard to the claim for 1 week, that is to say, the first week that plaintiff was disabled, subsection 4 of section 8 of the act does not authorize the collection of compensation for the first week unless the disability from the injury continues for 6 weeks or longer. The theory of plaintiff is that he was disabled for more than 6 weeks because he has at no time since the accident been able to do the same character of work in which he had been engaged when injured. He was able to work and did work for his employer, though in a different capacity, and received the same wages which had been paid him in his former position. His counsel contends that the work was much lighter in the sample room, consisting only of simple and mechanical tasks and that this department is used as a sort of hospital ward for injured employees. If counsel's contention be correct, we cannot see how plaintiff can complain because he received his entire salary whatever may have been his duties and so far as the claim for 10 weeks' compensation is concerned, about the same amount of money as though he had been recognized as a disabled employee entitled to compensation. If plaintiff was entitled to partial disability, for say, 300 weeks and his employer had kept him occupied at some trivial task with a materially reduced salary, there might be some ground for complaint, as was the case in Parker v. Leton Gin Co., 5 La.App. 727, relied upon by counsel.

As to the right to amend the pleadings for the purpose of presenting a claim for partial disability, the compensation law in subsection 2 of section 18 (as amended by Act No. 85 of 1926) provides, "the Court in its discretion may grant further time for filing the answer or hearing the complaint and allow amendments of said petition and answer at any stage of

the proceedings," and in subsection 4 of the same section (as amended by Act No. 85 of 1926) that "the Judge shall not be bound by technical rules of evidence or by technical rules or procedure other than as herein provided. * * * The Judge shall decide the merits of the controversy as equitably, summarily and simply as may be." In view of these provisions of the statute, we are inclined to the view that an amendment should be allowed even after the submission of the case for judgment, but we see no reason to remand this case for the purpose of permitting the amendment because from the record before us it does not appear that, if the amendment were allowed, a different result could be reached. Plaintiff, whose petition claimed compensation only for a specific injury, the loss of one phalanx of his middle finger, might, by amendment, present a claim for partial disability under section 8, subsection 1 (c), of the act (Act No. 242 of 1928, p. 357), which reads as follows:

"For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks."

The contention is that since the plaintiff received $15.84 per week at the time of injury and afterwards only $15 per week, he is entitled to receive 65 per cent. of 84 cents or 55 cents per week for a period of 300 weeks, but we do not believe that plaintiff's injury resulted in a partial disability which prevented him from doing work "of any reasonable character" within the meaning of this section. There was only 84 cents difference in his weekly earnings before and after his injury and the employment in which he is presently engaged is one in which he is shown to have been employed for a considerable period prior to his having entered the services of the Celotex Company. It does not appear, therefore, that any useful purpose would be subserved by remanding the case to permit the amendment of the pleadings. We agree with counsel in his statement that the specific injury section of the compensation statute does not supersede but supplements the general disability provisions as was expressly held in Barr v. Davis Brothers Lumber Company, 183 La. 1013, 165 So. 185, but in the case at bar there is no provision in the specific disability section authorizing recovery and, according to the testimony of plaintiff and the admitted facts of the case, no showing of partial disability has been or can be made.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.