LUTHER E. HALL, Judge, pro tern.
Plaintiff brought this suit against his employer and its compensation insurer under the Louisiana Workmen’s Compensation Act for 400 weeks compensation for total permanent disability, for statutory penalties and attorney’s fees, and for medical expenses.
The District Judge rendered judgment in plaintiff’s favor for 93 weeks compensation at $32.50 per week covering the period from February 6, 1959 through November 30, 1960, subject to a credit for compensation previously paid and ordered defendants to pay plaintiff’s attorney fees in the sum of $500.00.
Plaintiff appealed and prayed that the judgment be increased so as to allow 400 weeks compensation, full statutory penalties, attorney’s fees in the sum of $2,800.00, and past and future medical expenses. Plaintiff prayed in the alternative that the cause be remanded for the purpose of permitting an amendment to the pleadings and the taking of additional testimony relative to plaintiff’s psychiatric condition resulting from his injuries.
Defendants answered the appeal, praying that the judgment be reduced so as to allow no compensation beyond May 16, 1959, and that the allowance of attorney’s fees be eliminated therefrom. Plaintiff, a window washer, was injured on February 6, 1959, while washing windows for his employer in the course and scope of his employment when a ladder on which he was standing collapsed causing him to fall a distance of thirty feet to the ground. His injuries consisted of a concussion of the brain, laceration of the mouth and face, broken teeth, fracture of the right jawbone, contusions of the leg and a back injury in the lumbo-sacral region.
Suit was filed on January 4, 1960, and trial on the merits was commenced on December 5, 1960. Thereafter, hearings were had on Jánuary 16, 1961, February 6, 1961 and March 20, 1961.
During the trial it developed that one of plaintiff’s chief complaints was headaches and dizziness. This condition had persisted since the date of his injuries nearly two years before and he had developed a fear of climbing, so much so that he refused to return to work as a window washer and left another job which he had obtained as a porter in a super-market when he was asked to dismantle a twenty foot scaffold. During his treatment by the insurer’s physicians he had been referred by them to Dr. Howard Karr, a neurologist, because of *588 these complaints. His neurological examination was negative, and some of the medical experts were of the opinion that the head symptoms would disappear in time. However, Dr. Soboloff, an orthopedist and neurologist, stated that the persistent dizziness could be caused by psychiatric as well as neurological reasons. Plaintiff had never been referred to a psychiatrist.
During the hearing held on January 16, 1961, the following colloquy took place between counsel and the Court.
Mr. Morrison (attorney for plaintiff)
“What I wanted to say before my case was completely closed is that the plaintiff’s inability to do work involving climbing even at this time has been developed only within the last few days as a result of the experience at Schwegmann’s. We have alleged that he could not even do work at heights because of the dizziness that he experienced, and it is, very frankly, beginning to look like to me that there may be more than dizziness involved in that. There may be a psychiatric aspect to it, and I would like at this time to ask leave to amend so as to allege that, and I suggest that the Court may on its own motion appoint a psychiatrist to make an investigation, and if the Court does not wish to do so, we certainly wish to do so.”
Mr. de la Houssaye (attorney for defendants)
“I will object to that at this stage of the trial of the case. I don’t think it is in order.”

The Court

“If the counsel objects, I have no alternative. The request for the amendment is denied.”

Mr. Morrison

“This is a Workmen’s Compensation case.”

The Court

“I have already ruled, Mr. Morrison.”
Following this January 16th hearing, plaintiff’s counsel had him examined by Dr. Arthur W. Epstein, a psychiatrist, who rendered a written report to counsel dated February 3, 1961.
At subsequent hearings of the case counsel tried unsuccessfully to introduce this report.
Judgment was rendered and signed herein on March 20, 1961. On March 23, 1961, counsel for plaintiff presented to the Court a supplemental and amended petition alleging that plaintiff is suffering from a traumatic neurosis and attached a copy of Dr. Epstein’s report thereto. Upon the amendment being refused by the Court, counsel moved for a new trial which was also refused.
Without expressing any opinion on the merits of the controversy at this stage we are of the opinion that in the interest of justice the amendment should have been allowed when first requested during the trial. In compensation cases the paramount duty of the courts is to learn the true facts without too much regard for technical rules of evidence or procedure.
 Amendments to pleadings in compensation cases are permissible at any stage of the proceedings. See Wade v. Calcasieu Paper Company, 229 La. 702, 86 So.2d 540 and La.App., 95 So.2d 725; Mitchell v. Sklar, La.App., 196 So. 392; Camet v. Aetna Ins. Co., La.App., 175 So. 152; Tate v. Gullett Gin Company & Liberty Mutual Ins. Co., La.App., 86 So.2d 698; Boudreaux v. Rossen, 19 La.App. 188, 139 So. 706; Stroud v. Hartford Accident & Indemnity Co., La.App., 33 So.2d 772; Whittington v. Louisiana Sawmill Co., 142 La. 322, 76 So. 754; LSA-R.S. 23:1315, 1317.
For the foregoing reasons the judgment appealed from is set aside and the case is *589 remanded to the District 'Court with instructions to permit the amendment requested by plaintiff and to hear testimony on behalf of both plaintiff and the defendants respecting plaintiff’s psychiatric condition and its relation to the accident as well as any other evidence that either may care to adduce bearing on the merits of this controversy, and to render such judgment as may be warranted by the law and the evidence. Defendants are cast for the costs of this appeal. The assessment of all other costs is to await a final determination of the case.
Judgment set aside and case remanded with instructions.