161 So.2d 286 (1964)
Robert RYAN, Plaintiff-Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.
No. 10130.
Court of Appeal of Louisiana, Second Circuit.
February 13, 1964.
*287 Lowe & Benton, Minden, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
Because of accidental injuries sustained on March 30, 1959, plaintiff seeks to recover of his employer's insurer, workmen's compensation at the maximum statutory rate for permanent and total disability, or, in the alternative compensation predicated upon a serious and permanent impairment of the usefulness of a physical function, that is, a loss of hearing in both ears. The defense is that plaintiff has recovered from any disability occasioned by accidental injuries and that he has sustained no loss or impairment of a physical function by reason of the accident, and, moreover, that plaintiff has been paid compensation for the period of his disability. The defense was sustained by the trial court and, accordingly, plaintiff's demands were rejected and he has appealed.
The issues are factual in character and are predicated upon a state of facts generally *288 undisputed. Plaintiff was employed as a mechanic on a pipeline construction project. While installing an old bed on a chassis of a new truck, a gasoline tank attached to the bed exploded. The explosion obviously resulted from a spark emanating from a welding machine employed in the task then being performed.
From the explosion, plaintiff sustained first-, second-, and third-degree burns to his head, ears, face, arms, and the backs of his hands. There were contusions and brush burns on the left elbow. Plaintiff was hospitalized for a period of 35 days. For two weeks, he was confined to his home for recuperation. Thereafter, he returned to his employment, doing the same or similar work until December 22, 1959. Following the holidays, plaintiff did not return to his employment.
During January, 1960, plaintiff accepted employment elsewhere as a mechanic at a rock-crushing plant at a wage of $2 per hour. For the week immediately preceding the trial, on June 21, 1960, plaintiff received, for his week's wages, the sum of $196. For the period of eight weeks intervening between the accident and plaintiff's return to work, he was paid compensation at the rate of $35 per week.
Plaintiff's complaints relate generally to the disability to his elbow, to the sensitiveness of the burned areas, and to the loss of hearing. The evidence as to any disability resulting to plaintiff's elbow is unconvincing. The lay testimony offered in support of this complaint comes from plaintiff himself, his wife, and his son. This evidence is restricted to subjective manifestations on the part of plaintiff. Contradictory testimony was offered by a co-worker and plaintiff's former employer. This testimony was to the effect that plaintiff's ability to work was not adversely affected by the accident.
The medical evidence equally supports defendant's position in regard to plaintiff's claim as it relates to his elbow. Dr. Rhodes J. Spedale's testimony that some disability resulted from his aspirating the bursa in plaintiff's elbow is not convincing in view of the testimony of Dr. Thomas J. Smith, who, in his deposition, said that motion in plaintiff's left elbow was perfectly normal.
Likewise, evidence of sensitiveness of a disabling nature in the scarred areas left by the burns is not established by a preponderance of the evidence.
Plaintiff's primary complaint in regard to the sensitiveness of his scarred areas relates to his hands. It may be noted, however, that the areas burned were the backs of plaintiff's hands. Thus, the backs of his hands show scar tissue and deep pigmentation. The skin is loose and pliable, unattached to tendons or ligaments, and, hence, there is no limitation of motion, or explanation or reason for discomfort. No proof was offered of muscle or bone damage. Dr. Smith found no disability in plaintiff's hands.
The most serious complaint that plaintiff had and the only symptomatic manifestation that he established by convincing evidence was a loss of hearing. There can be no doubt, from the testimony, that plaintiff did suffer a loss of hearing. Dr. Kenneth D. Jones, a specialist, found this loss to be 40% in the right ear and 23% in the left. Immediately after the accident, Dr. Spedale found a burned area inside the external canal of the right ear, extending to the eardrum. However, in December, 1959, the doctor again examined plaintiff's ears but found no resulting effect from the burns sustained, but concluded that plaintiff's hearing loss would be a permanent thing. Nor could Dr. Jones, in November, 1959, find scar tissue or other abnormality in either of the canals or drums. These were described as normal. Dr. Jones, however, treated plaintiff's deafness as of a progressive character, without symptomatic manifestations of a traumatic injury as a result of the explosion. The doctor was of the opinion that the condition resulted from the administration of streptomycin *289 during plaintiff's confinement in the hospital. The administration of this antibiotic was necessary because of the physical injuries in the nature of burns sustained by plaintiff in the accident. Whether the impairment results directly from the accident or from the treatment of the injuries accidently sustained is a matter of no importance. Treatment of the injuries resulting from the accident may adversely affect the subsequent condition of the employee. Unavoidable complications arising from medical treatment are compensable. LSA-R.S. 23:1021(1).
See authorities cited in Malone, Louisiana Workmen's Compensation, Law and Practice, § 233, pp. 286-287.
In either event, plaintiff would be entitled to compensation.
The statute provides that
"In cases not falling within any of the provisions already made, * * * where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks." LSA-R.S. 23:1221(p). Burrows v. Arizola Petroleum Co., 2d Cir., 1928, 7 La.App. 704; Francois v. Circle Drilling Company, La.App. 1st Cir., 1959, 112 So.2d 771; Comoletti v. Ideal Cement Company, La.App. 1st Cir., 1962, 147 So.2d 711.
The percentage of loss of hearing was not established in the Burrows case. Such impairment, however, did not affect plaintiff's ability to do work of a reasonable character. Such a situation apparently exists in the instant case. In the Burrows case, plaintiff was awarded compensation at the rate of $10 per week for 100 weeks. The statute then provided for a minimum compensation of $3 per week and a maximum compensation of $20 per week.
In the Francois case, plaintiff suffered a loss of hearing in one ear of 37% and a 15% loss in the other. This impairment, however, did not disable plaintiff from performing his duties as a roughneck or laborer in connection with the drilling of oil or gas wells. Nevertheless, he was awarded compensation at the rate of $35 per week for 100 weeks.
In the Comoletti case, plaintiff sustained an impairment to his hearing, but continued to perform virtually all of his former duties in the presence of industrial noises although unable to work in the areas of high-noise intensity. He was found to have sustained only a partial loss of a physical function and entitled to compensation for a period of 100 weeks at the rate of $35 per week. This allowance was in accord with the award made in the Francois case.
That plaintiff has sustained a serious and permanent impairment of his hearing and, therefore, of the usefulness of a physical function is established by a reasonable preponderance of the evidence, and, for this, as provided in the statute, we have concluded that he is entitled to compensation at the maximum statutory rate for a period of 100 weeks, less compensation previously paid.
Defendant nevertheless contends that compensation may not be awarded upon plaintiff's alternative demand. The basis of this contention is that the alternative demand was presented in the form of an amended petition tendered for filing on the date of trial. This contention, we believe, is untenable for the reason that amendments to the petition may be made at any stage of the proceedings. LSA-R.S. 23:1315; James v. Acme Window Cleaners, La.App. 4th Cir., 1962, 139 So.2d 586.
Furthermore, a claim for total disability, as made in the original petition, was predicated partially upon plaintiff's loss of hearing. The greater necessarily includes the lesser. Under the statute, technical rules of procedure are not to be adhered to *290 in actions involving workmen's compensation. LSA-R.S. 23:1317; Rhodes v. Keasby-Mattison Company, La.App. Orleans, 1959, 110 So.2d 747.
Lastly for consideration is the allowance of penalties and attorney's fees. This concerns a question as to whether defendant's refusal to pay compensation was unreasonable. This matter must be determined in the light of all the facts and circumstances. As heretofore pointed out, after the lapse of eight weeks following the accident, plaintiff returned to his employment and, for months, performed his duties in a capable and satisfactory manner. Under these circumstances, and where no specific demand had been made for the payment of compensation, based upon the impairment of a physical function, it cannot be said that defendant was arbitrary, capricious, or unreasonable in its failure to pay compensation. Hence, there is no basis for the allowance of penalties and attorney's fees.
For the reasons assigned, it is Ordered, Adjudged, and Decreed that the judgment appealed be, and the same is hereby, annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of the plaintiff, Robert Ryan, against the defendant, Aetna Casualty and Surety Company, for workmen's compensation at the rate of $35 per week beginning April 6, 1959, and continuing for a period of 100 weeks, with 5% per annum interest on each of said weekly installments from its maturity until paid, less a credit of $280 compensation previously paid.
It is further Ordered, Adjudged, and Decreed that the fees of plaintiff's expert witnesses be, and they are hereby, fixed at the sum of $50 each and taxed as cost.
It is further Ordered, Adjudged, and Decreed that the defendant pay all costs, including the cost of this appeal.
Reversed and rendered.