CHASEZ, Judge.
We granted Certiorari in this matter to determine whether employee Jerome Schiro could assert a workmen’s compensation claim by supplementing and amending a former petition for compromise, which had been refused by the trial court ten months before.
On May 12, 1965 Jerome Schiro and Maryland Casualty Co., his employer’s compensation insurer, filed a joint petition praying for approval of a compromise they entered into pursuant to LSA-R.S. 23:1271-23:1274. The trial judge refused to approve the compromise and rendered the following judgment:'
“Refused. Medical indicates far greater liability. Claimant refuses to accept settlement.
7/30/65
/s/ David Gertler
Judge”
On May 24, 1966, approximately ten months after this judgment was rendered and signed Jerome Schiro, without filing a new suit and by means of a supplemental and amended petition to the original compromise agreement, asserted a cause of action against Maryland Casualty Co. praying for compensation at the rate of $35.00 per week for the duration of his disability, not to exceed four hundred weeks and for penalties and attorney’s fees.
Maryland Casualty Co. filed exceptions to this supplemental and amending petition, contending it was procedurally improper in that Jerome Schiro should have filed a new suit rather than attempt to amend and supplement the petition of compromise. These exceptions were overruled and Maryland Casualty Co. applied to this court for Writs of Prohibition, Mandamus and Certiorari.
This Court granted Certiorari and subsequently heard arguments in the matter.
The question before us is whether a joint petitioner who prays for approval of a workmen’s compensation compromise which is refused by judgment of the court can, after that judgment has become final, amend and supplement the compromise petition and thus convert the matter into an adversary action.
In determining this question this Court must consider it against the background of two basic principles of workmen’s compensation procedure: (1) In compensation cases the court should not be bound by technical rules of procedure, LSA-R.S. 23:1317; and (2) Amendments should be liberally granted.
With regard to this second principle, LSA-R.S. 23:1315 provides inter alia:
“The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings.” (emphasis added)
*291 Moreover, this Court held in James v. Acme Window Cleaners, 139 So.2d 586 (La.App.1962) that a supplemental pleading in a workmen’s compensation proceeding can be filed even after judgment.
However, in the cited case the supplemental and amending petition was filed three days after the judgment was rendered and signed and within the delay for application for a new trial, which plaintiff, did, in fact, apply for.
Even though the statutory law and jurisprudence is to the'effect that a court should not be bound by technicalities in compensation cases and that amendments and supplemental pleadings should be allowed with great liberality, we hold in this case it was improper for the claimant to proceed by means of a supplemental and amending petir tion for the following reasons:
1. The judgment of July 30, 1965 had become final, all procedural delays having run, at the time when the supplemental and amended petition was filed, May 24, 1966. Rule 28 of the Rules of the Civil District Court for the Parish of Orleans, which sets out the procedure for workmen’s compensation compromise action, provides inter alia:
“Section 2. If the agreement of compromise and settlement is approved or rejected by the Court, the judgment shall be entered in the minute book as any other judgment.” (emphasis added)
Moreover LSA-R.S. 23:1273 characterizes the approval of a compromise agreement as a judgment. It follows therefore that a refusal of a compromise, being a final determination of the only issue to be decided, is also a judgment.
It is to be noted that LSA-R.S. 23:1315 allows amendments at any stage of the proceedings. In the instant case all proceedings had long become terminated. There was, therefore, nothing for a supplemental and amending petition to either supplement or amend.
2. The parties in the supplemental and amending petition do not have the same capacities nor are they in the same postures as they were in the petition for compromise.
In the latter petition, Jerome Schiro and Maryland Casualty Co. were joint petitioners, in accordance with LSA-R.S. 23:-1272, praying for the same relief; whereas in the supplemental and amended petition Jerome Schiro is the plaintiff and Maryland Casualty Co. the defendant. There is therefore an attempt to turn what was a non-adversary proceeding into an .adversary one. This cannot properly be done by means of a supplemental and amending petition, such a radical realignment of parties requiring that a new suit be filed.
For the above reasons the exceptions filed by Maryland Casualty Co. are sustained, and plaintiff’s supplemental and amending petition is dismissed without prejudice ; all costs in both courts to be paid by Jerome Schiro.
Petition dismissed.