BARNETTE, Judge.
These two consolidated cases, now before this court on appeal by the plaintiff, Benjamin Hanford, were instituted in an attempt by plaintiff to recover from his employer, Delta Steamship Lines, Inc., and its compensation insurer, American Employers Insurance Company, compensation and medical expenses in addition to those already paid on his behalf by the defendants.
The first of these suits, number 3862 on our docket, was filed in the court below on February 28, 1967. Both the employer and the insurer are named as defendants in that suit and recovery of $1,043.50 plus future expenses to accrue was sought. Plaintiff also prayed for expert witness fees, attorney’s fees and penalties. On December 15, 1967, a judgment was rendered, signed and filed maintaining an exception of no right or cause of action filed in behalf of the defendant Delta and plaintiff’s suit as to that defendant was dismissed. No appeal was taken from that judgment and it is now final as to Delta Steamship Lines, Inc.
The second suit, number 3863 on the docket of this court, was filed by plaintiff in the court below on July 31, 1967. In that suit plaintiff named as defendant only Delta Steamship Lines, Inc., and seeks recovery of workmen’s compensation of $35 per week “beginning on or about July 20, 1967 or such other time as * * * [the] court may fix and continuing for the duration of disability,” subject to compensation previously paid, and for attorney’s fees and penalties.
The two cases were consolidated for trial below and are consolidated on this appeal. After trial below judgment was rendered in favor of the plaintiff in the first suit (number 3862) against the defendant American Employers Insurance Company for $1,596.25. A witness fee of $100 was fixed for the medical expert who testified on plaintiff’s behalf. From that judgment the plaintiff, Hanford, appealed. The defendant-appellee American Employers answered the appeal in this court praying for reversal.
In the second suit (number 3863) there was judgment in favor of the defendant Delta Steamship Lines, Inc., rejecting plaintiff’s demands and dismissing his suit. From that judgment the plaintiff has appealed.
Briefly the facts giving rise to these suits are: The plaintiff, Benjamin Han-ford, was employed as a receiving clerk by Delta and in the course of his employment sustained serious and painful injuries in an accident at the Galvez Street wharf in the City of New Orleans on February 28, 1966. The injuries resulted from a fall when Hanford tripped on plastic bands which had negligently been left on the wharf by Cooper Stevedoring of Louisiana, Inc., an independent contractor. Hanford was paid workmen’s compensation benefits by Delta or on its behalf by American Employers for 101 weeks in the amount of $3,565 and medical benefits were paid totaling $2,680.-28. These payments were admitted and stipulated on trial of these cases.
No mention was made at the trial of these consolidated cases, nor do the pleadings reflect, that plaintiff brought a suit in *820 tort and recovered a judgment of $25,600 against Cooper Stevedoring and its liability insurer. An appeal to this court resulted in an affirmance of that judgment. See Hanford v. Jan C. Uiterwyk Company, 214 So.2d 236 (La.App.1968). Writs were refused by the Supreme Court, 253 La. 67, 216 So.2d 309 (1968). The extent of plaintiff’s injuries are fully discussed in our opinion in that case. We will take judicial cognizance of that suit and will comment below concerning one aspect thereof which is relevant to the principal point plaintiff seeks to make on this appeal. The trial of these cases (on April 15, 1968) was while the appeal in the tort suit was pending in this court.
In the suit which bears our docket number 3862, the plaintiff recovered a judgment for the full amount sought, except that the judgment makes’ no mention of his claim for attorney’s fees and penalty. Plaintiff makes no issue of the rejection of those items on this appeal. On the face of the record before us, the purpose of his appeal is obscure. In this court through counsel’s brief and oral argument, the reason for appeal is revealed and the issues he seeks to have decided were not raised at any prior stage of the proceeding. This will be more fully discussed below.
In the suit which bears our docket number 3863, the proceeding in which plaintiff seeks recovery of additional compensation, and which was rejected below, plaintiff has neither briefed nor argued the issue on this appeal. The demand in that suit was resolved adversely to plaintiff on a finding of fact based on medical testimony. It is incumbent upon him as appellant to point out to us the errors of judgment of the trial court which are so manifest as to warrant a reversal. He has pointed out none and our examination of the record does not disclose any error or fact or law and that judgment will be affirmed. Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953); Karisny v. Sunshine Biscuits, Inc., 215 So.2d 201 (La.App.3d Cir.1968); Plauche v. Derouen, 193 So.2d 918 (La.App. 3d Cir.1967); Cush v. Griffin, 95 So.2d 860 (La.App. 2d Cir.1957); Landry v. Hill, 94 So.2d 308 (La.App. Orleans 1957).
We will return now to a discussion of the issues presented on the appeal in suit number 3863. We will first address ourselves to appellee’s answer to the appeal seeking a reversal of the judgment in appellant’s favor. The “Reasons for Judgment” by the trial judge are as follows:
“Based upon the testimony of the witnesses and other evidence adduced at the trial, the Court finds that plaintiff’s heart condition was not aggravated as a result of the accident involved in this litigation. The Court further finds that the other injuries sustained by plaintiff as a result of this accident did not render him totally and permanently disabled. Accordingly, it is the conclusion of the Court that plaintiff was not totally and permanently disabled within the meaning of the workmen’s compensation law as a result of injuries sustained in the accident of February 28, 1966. It is further concluded that defendant, Delta Steamship Lines,' Inc., owes no further compensation under the workmen’s compensation law. Accordingly, judgment has been rendered in favor of defendant and against plaintiff, dismissing plaintiff’s suit at his cost in the matter of Benjamin Hanford vs. Delta Steamship Lines, Inc., No. 446-529 of the Civil District Court.
“The Court further concludes that plaintiff should have completely recovered from injuries sustained from accident of February 28, 1966 by the end of December 1967. Accordingly, excess medical benefits for injuries related to the accident during this period should be allowed. The Court fixes this amount at $1,596.25, as per exhibit annexed hereto. Based upon the foregoing, judgment has been rendered in favor of plaintiff and against defendant in the full sum of *821 $1,596.25, together with interest and costs in the matter of Benjamin Hanford vs. Delta Steamship Lines, Inc. and American Employers Insurance Co., No. 460-349 of the Civil District Court.”
The exhibit annexed to the “Reasons for Judgment” is a detailed itemization of plaintiff’s 13 exhibits filed in evidence in support of his demand for payment of additional medical expense. The court allowed six of the items claimed, which total $1,596.25. The rejected items of expense related to treatment of conditions not related to the accident giving rise to these suits. The items allowed appear to be amply supported by the testimony and the appellee has not pointed to any error in the court’s finding. The appellee's answer to the appeal seeking reversal of this judgment will therefore be rejected.
The appellant’s real grievance, and the motive behind his appeal from the judgment in suit number 460-349 on the district court docket (number 3862 on our docket) cannot be considered by us on this appeal. His displeasure appears to be directed primarily to the judgment in his tort action, Hanford v. Jan C. Uiterwyk Company, supra, or to still another proceeding, number 451-989 on the docket of the Civil District Court for the Parish of Orleans, which was not mentioned in these proceedings below until after judgment and then in motion for new trial.
In the tort suit, Hanford v. Jan C. Uiterwyk Company, supra, American Employers Insurance Company intervened to recover compensation and medical payments. The judgment in that suit, affirmed by us, granted the intervenor’s claim of $3,340 compensation paid and $2,680.28 medical payments, to be paid by preference out of the $25,600 judgment in plaintiff’s favor. See 214 So.2d at pp. 237 and 242. Appellant now contends on this appeal that American had previously waived its right to subrogation in the tort case and he should now have recovery of the amount granted American as subrogee in that case.
To understand the basis of plaintiff’s argument it is necessary to discuss the proceeding referred to above as number 451— 989 on the civil district court docket. The record in that case was not offered in evidence by reference or otherwise and it forms no part of the record on appeal. That proceeding was not mentioned on trial of these consolidated cases until after judgment was rendered. Plaintiff then in his motion for new trial alleged that proceeding number 457-989 was initiated on a joint petition for approval of a compromise settlement of his compensation claims but that the judge of the division of the court to which the proceeding was allotted refused to approve the compromise. Allegedly he was of the opinion that plaintiff’s injuries were likely to be permanently disabling.
In this court plaintiff argues that in agreeing to the proposed compromise settlement, Delta, as a condition thereof, “waived” its subrogation rights in the tort suit then pending. From this alleged fact, he now contends that to the extent that his judgment in the tort suit was reduced by the successful intervention of American Employers Insurance Company he should now be fully reimbursed and that the judgment appealed should be amended accordingly. Specifically, he seeks an increase of $8,491.10, being the amount allegedly recovered by American through subrogation.
We find no merit in plaintiff’s argument. In the first place, assuming there was an agreement by which Delta waived its subrogation rights in plaintiff’s favor in order to effect a compromise of plaintiff’s compensation claims in proceeding number 457-989 and further assuming that its insurer, American, would have been bound thereby upon judicial approval of the proposed settlement, the judgment of the district court in that proceeding rejected the *822 proposed compromise settlement, and the alleged agreement never became effective. Even if the proceeding referred to had been filed in evidence on trial of these cases below, it would not have supported the contention which appellant now attempts to make in this court. The judgment rejecting the proposed compromise settlement is a final judgment. Schiro v. Maryland Casualty Co., 193 So.2d 289 (La.App. 4th Cir.1966). Its rejection of the agreement was a rejection of all the conditions of the agreement.
Furthermore, in the case of Han-ford v. Jan C. Uiterwyk Company, supra, the issue of the intervenor’s right of subro-gation for medical expenses and compensation benefits paid was before both the district court and this court on appeal. If plaintiff had wished to challenge appellee’s right to subrogation, he could have done so at the district court level or on appeal to this court. By failing to do so, that issue is now final and is res judicata. LSA-C. C. art. 2286.
Appellant’s primary contentions on this appeal are not relevant to the issues pleaded, and there is no basis in the record on appeal upon which consideration can be given to his argument in this respect. His only contention in this court relevant to the issues properly before us on this appeal is that the (alleged) disapproval of the proposed compromise settlement was indicative of the district judge’s opinion that his injuries were permanently disabling, a circumstance which, he argues, the trial judge in these cases should have considered in support of his suit for additional compensation payments. We find no error in the decision of the trial judge denying additional compensation.
For the foregoing reasons, the judgments appealed are affirmed at appellant’s cost.
Affirmed.