HOOD, Judge.
This is a workmen’s compensation suit instituted by Nelson Istre against his former employer, Carr Trucking Service, Inc. Judgment was rendered by the trial court awarding plaintiff compensation at the rate of $45.00 per week for 100 weeks for the loss of a physical function (hearing). Defendant appealed. Plaintiff answered the appeal praying that he be awarded benefits based on total and permanent disability.
The issues are: (1) Is plaintiff’s loss of hearing causally related to a work-connected accident? (2) Is plaintiff totally and permanently disabled? (3) Did the trial court err in awarding excessive expert fees?
On May 24, 1969, while plaintiff was working for defendant, he sustained an injury when a length of pipe fell, striking him in the upper back area. He had been employed by defendant to work as a truck driver, and he had been driving a truck for his employer prior to the above mentioned date. On that day, however, he was temporarily performing the duties of a swamper in connection with the operation of a dragline, because the regular swamper was absent.
Istre was knocked unconscious by the blow which he received, and he was taken to a hospital in Jennings immediately. While there he was treated by Dr. Louis E. Shirley, a general practitioner. Two days later he was transferred to a hospital in Lake Charles, and was placed under the care of Dr. George P. Schneider, an ortho-paedic surgeon. He was treated by Dr. Schneider until July 11, 1969, when he was released as being able to perform light duty work.
Plaintiff returned to his duties as a truck driver for defendant as soon as he was released by Dr. Schneider, and he continued to work as such until August 6, 1969, a period of a little more than three weeks. On the last mentioned date he suffered a foot injury, which is not at issue in this case, and he was treated for that injury by Dr. Schneider until September 19, 1969. The doctor testified that he specifically examined Istre’s shoulder on September 19, 1969, and that he had a full range of motion in the left shoulder, and that he found no objective signs of injury or disability insofar as that shoulder was concerned. Dr. Schneider released plaintiff on that date as being able to return to his full duties. Istre thereupon returned to work for defendant, but he left his job about three days later because of a dispute with his employer.
Istre then sought employment with the City of Lake Charles, but he failed to pass a pre-employment physical examination for the performance of heavy manual labor given by Dr. Robert C. Looney, a general practitioner. Dr. Looney found that plaintiff had less than a full range of motion in his left shoulder and a loss of hearing in the left ear. He expressed the opinion that plaintiff’s loss of hearing could have been *126 caused by the accident which occurred on May 24, 1969.
In October, 1969, Istre was examined by Dr. O. W, Topp, an ear, nose and throat specialist, and by Dr. Steve Price, a general practitioner. Dr. Topp found that plaintiff had a 98 percent loss of hearing in his left ear, and a 20 percent loss of hearing in the right ear. He was unable to determine the exact cause of his loss of hearing, but he stated that it could have been caused by the accident which occurred on May 24, 1969. Dr. Price found that Istre had some limitation of motion of his left shoulder, and he concluded that that condition, together with the loss of hearing which had been found by Dr. Topp, “might have impaired his ability” to do the work of a “roughneck, heavy labor, heavy lifting, and things like that.”
On December 2, 1969, plaintiff was examined by Dr. Eli Sorkow, a general practitioner, in connection with his application for employment by Delta Drilling Company. Dr. Sorkow gave Istre a general physical examination, which included a specific check as to his hearing and as to his shoulders. He found plaintiff’s hearing to be normal, and he found no limitation of motion of and no orthopaedic or other abnormalities relating to either of his shoulders. He approved plaintiff for employment at heavy manual labor.
Plaintiff thereupon was employed by Delta Drilling Company from December 5, 1969, to February 21, 1970, during which time he performed all of the duties of his employment, consisting of painting, chipping and cleaning oil well equipment, and on some occasions performing the heavier duties of a roughneck. All of these duties were performed without complaint and without any apparent difficulty. His employment with Delta was terminated when the job ended and there was no further work for him to do.
After his job with Delta was terminated he drew all of the unemployment compensation to which he was entitled, and he then obtained employment by Atlas Machine Shop, working as a helper. He was still working for that employer at the time of the trial. His duties have consisted of sweeping floors and keeping the shop clean.
Plaintiff was examined by Dr. Joseph W. Robertson, a neurologist, on June 11, 1970. This expert found a hearing loss in plaintiff’s left ear and a limited range of motion in his left shoulder. He also concluded that the radial pulse of the left wrist was obliterated by an abduction of the arm of six to seven degrees, which condition would have the effect of handicapping plaintiff in lifting heavy objects above shoulder level. He felt, however, that plaintiff was able to do light duty, and that he would fully recover with gradually increasing activities.
Istre testified that he had had no difficulty with his hearing before the accident, but that he has lost the hearing of his left ear after he was injured. He also stated that he has experienced pain in his shoulder, arms and neck constantly since that time. He contends that he has been unable to do any heavy manual labor since the date of the accident.
The trial judge found that Istre suffered a shoulder injury and a 98 percent loss of hearing of the left ear and a 20 percent loss of hearing in the right ear as a result of the accident. He concluded that plaintiff’s shoulder injury disabled him for a period not exceeding one year from the date of the accident, and that since that time Istre has been able to perform hard manual labor generally, but that because of his partial loss of hearing he is totally and permanently disabled from driving a large truck on the public highways. On the basis of those findings, the trial court rendered judgment awarding plaintiff compensation benefits at the maximum rate for a period of 100 weeks for the “loss of the use of an ear,” subject to a credit for the benefits previously paid.
The evidence convinces us, as it did the trial judge, that plaintiff has a 98 percent *127 loss of hearing in his left ear and a 20 percent loss of hearing in his right ear, and that this partial loss of hearing was caused by the work-connected accident which occurred on May 24, 1969. The evidence does not convince us that Istre has suffered any residual disability from his shoulder injury since he was finally discharged by Dr. Schneider on September 19, 1969.
A worker will be regarded as being totally disabled if he is unable to do substantially the same kind and character of work as that which his training, education, experience and status in life qualify him to perform in the customary way, without any unusual difficulty and without substantial pain. Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 272, page 327; Bellard v. Insurance Company of North America, 193 So.2d 922 (La.App. 3 Cir. 1967); Schumacher v. Werthan Bag Corporation, 211 So.2d 765 (La.App. 4 Cir. 1968); Duplantis v. Highlands Insurance Company, 221 So.2d 623 (La.App. 4 Cir. 1969).
The evidence in the present suit shows that Istre had been a truck driver for a number of years, and that he was hired by defendant to perform the duties of a truck driver, although he was temporarily working as a swamper when the accident occurred. We conclude that the test to be applied here is whether plaintiff is able to do substantially the work of a truck driver, without any unusual difficulty and without substantial pain.
Since we have found that Istre has no residual disability relating to his shoulder, the question presented is whether his partial loss of hearing disables him from driving trucks or from performing heavy manual labor.
Although plaintiff has lost substantially all of the hearing in one of his ears, he apparently can still hear pretty well with the other. Dr. Schneider, who treated plaintiff from about May 26 until September 19, 1969, found nothing wrong with his hearing. He examined Istre’s ears with an audioscope when plaintiff was first admitted to the hospital, but found no defect in his hearing. And he stated that during all of the time he treated plaintiff, no corn-plaints of hearing were made to him by Istre, and the doctor detected no hearing deficiency, although plaintiff did complain of earaches.
Dr. Sorkow specifically examined plaintiff for hearing and was unable to find any hearing loss at all. And Dr. Robertson testified that he talked to plaintiff in a low voice during his entire examination, and that plaintiff apparently had no difficulty in hearing everything that was said.
Istre apparently was able to resume his duties as a truck driver shortly after he was first released by Dr. Schneider in July, 1969, and he has performed other work since the date of the accident with no difficulty.
We find that the partial loss of hearing which plaintiff sustained as a result of the accident does not disable him from driving trucks on public highways or from performing heavy manual labor.
Our conclusion, therefore, is that plaintiff has not been disabled from driving trucks or from performing heavy manual labor since September 19, 1969. We find no error in the judgment of the trial court, therefore, which in effect rejects plaintiff’s demands for compensation benefits based on total and permanent disability, but instead awards him benefits based on the partial loss of the use of a physical function (hearing). See LSA-R.S. 23:1221(4) (p); Ryan v. Aetna Casualty & Surety Co., 161 So.2d 286 (La.App. 2 Cir. 1964); Comoletti v. Ideal Cement Co., 147 So.2d 711 (La.App. 1 Cir. 1962); Francois v. Circle Drilling Co., 112 So.2d 771 (La.App. 1 Cir. 1959); Burrows v. Arizola Petroleum Co., 7 La.App. 704 (2 Cir. 1928).
Four doctors testified at the trial and one testified by deposition. The trial judge fixed the expert witness fees of each *128 of these doctors at $100.00, and he taxed those fees as costs. Defendant contends that the trial judge abused his discretion in fixing the amount of these fees, since the expert witness fees set by all district judges prior to the time this case was tried was $50.00 per witness, except where the testimony was of unusual length. The trial court is vested with some discretion in fixing the amount of expert witness fees, and we find no abuse of discretion in this case.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.