HOOD, Judge.
Gertrude Barbara, widow of the late Terrance B. McDermott, seeks to recover workmen’s compensation benefits alleged to be due as the result of the death of her husband. One of the defendants, Alwynn J. Cronvich, Sheriff of Jefferson Parish, filed a Motion for Summary Judgment, and in response to that motion a summary judgment was rendered by the trial court dismissing plaintiff’s suit insofar as it is directed against that defendant. Plaintiff appealed. We reverse and remand.
The issue presented is whether the trial court erred in refusing to permit plaintiff to file a supplemental and amended petition while a motion for summary judgment was pending.
Terrance P. McDermott died on December 15, 1977, while he was employed as a Deputy Sheriff for the Parish of Jefferson. His widow instituted this suit for workmen’s compensation benefits on November 28, 1978, alleging that her husband’s death occurred during the course of his employment. She named as one of the defendants Alwynn J. Cronvich, Sheriff of Jefferson Parish. Sheriff Cronvich filed a motion for summary judgment in January, 1979, and a supplement to that motion in March of that year. In his motion he alleged that plaintiff’s husband was a Deputy Sheriff at the time of the incident and death, and that under LSA-R.S. 23:1034 as deputy sheriff is not covered by the provisions of the workmen’s compensation law of the State of Louisiana.
The record contains a copy of a minute entry signed by a Deputy Clerk of the trial court, dated April 9, 1979, stating that the Motion for Summary Judgment was to be submitted on briefs by April 13. The minute entry reads: “Mot for Sum. Judg. to be submitted on briefs by Friday, Ap. 13, 1979.”
On April 12,1979, plaintiff filed a Second Supplemental and Amended Petition, in which she alleged, among other things, that LSA-R.S. 23:1034 is unconstitutional in that it deprives her of the equal protection of the laws, in violation of the equal protection guaranties contained in our Federal and State constitutions. The record indicates that this supplemental petition was presented to the court for an order permitting it to be filed, but that the trial judge declined to sign the order. Actually, the signature of the trial judge appears to have been affixed to the order authorizing the amended petition to be filed, but his signature there was lined out or partially obliterated and the following notation appears at the end of that pleading:
“4/12/79
Denied — filed after submission of case
Patrick E. Carr, Judge”
On April 19, plaintiff filed a “Memorandum in Opposition to Motion for Summary Judgment,” in which she stated that she had filed a supplemental petition on April 12 attacking the constitutionality of LSA-R.S. 23:1034. She submitted arguments in that memorandum or brief to support her allegations of unconstitutionality.
On April 20, 1979, the trial judge rendered and signed a summary judgment in favor of defendant Cronvich, and against plaintiff, dismissing plaintiff’s suit as to that defendant at her costs. On the same day he handed down written reasons for judgment. Plaintiff appealed from that summary judgment, and that appeal is before us now.
In his written reasons for judgment, the trial judge stated that there are no material issues of law or fact, that R.S. 23:1034 and the jurisprudence interpreting it establish that deputy sheriffs of the parishes around the state are not covered by the Louisiana Workmen’s Compensation Act, and that defendant Cronvich thus is entitled to a summary judgment dismissing the suit as to *869 him. The trial judge did not consider the constitutional question which was raised in the Supplemental and Amended Petition offered by plaintiff.
Plaintiff contends that the trial court erred in denying her the right to file her Supplemental and Amended Petition on April 12, 1979. She and defendant Cron-vich agree that the constitutional questions raised by plaintiff in her Second Supplemental and Amended Petition are not before us on this appeal. The sole issue presented is whether plaintiff should have been permitted to file the above supplemental and amended petition at the time and under the circumstances presented here.
LSA-R.S. 23:1315, relating to workmen’s compensation suits, contains the following provision:
“The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings.” (Emphasis added).
LSA-R.S. 23:1317 states that “The court shall not be bound by technical rules of evidence or procedure other than .as herein provided . . . ”
In applying the above quoted provisions of the Workmen’s Compensation Act, our courts have held consistently that: (1) In compensation eases the court should not be bound by technical rules of procedure; and (2) amendments to pleadings should be liberally granted. Courts have stated in some instances that amendments to pleadings in compensation cases are permissible at any stage of the proceedings. James v. Acme Window Cleaners, 139 So.2d 586 (La.App. 4th Cir., 1962); Schiro v. Maryland Casualty Company, 193 So.2d 289 (La.App. 4th Cir., 1966); Tate v. Gullett Gin Company & Liberty Mutual Ins. Company, 86 So.2d 698 (La.App. 1st Cir., 1956); Brewton v. L. L. Brewton Lumber Co., Inc., 349 So.2d 1364 (La.App. 2nd Cir., 1977); Ryan v. Aetna Casualty and Surety Company, 161 So.2d 286 (La.App. 2nd Cir., 1964).
In James v. Acme Window Cleaners, supra, the plaintiff made an oral request for leave to amend his petition in a workmen’s compensation case while the suit was being tried on its merits. His request was denied by the trial court, and judgment was rendered about two months later. Three days after that judgment was rendered plaintiff presented to the court a formal supplemental and amended petition alleging additional injuries and causes of disability, but the trial court refused to allow the supplemental petition to be filed. On appeal, we reversed the decision of the trial court and remanded the case with instructions to permit the amendment requested by plaintiff. In so holding, we said:
“Without expressing any opinion on the merits of the controversy at this stage we are of the opinion that in the interest of justice the amendment should have been allowed when first requested during the trial. In compensation cases the paramount duty of the courts is to learn the true facts without too much regard for technical rules of evidence or procedure. Amendments to pleadings in compensation cases are permissible at any stage of the proceedings.” (Emphasis added).
In Schiro v. Maryland Casualty Company, supra, the plaintiff and defendant filed a joint petition for approval of a compromise settlement of a workmen’s compensation claim, but the trial judge rendered judgment rejecting the proposed compromise settlement. About ten months after that judgment was rendered, plaintiff submitted a supplemental and amended petition to the original joint compromise agreement, in which he asserted a cause of action against defendant. The defendant excepted to that filing of the amended petition on the ground that it was procedurally improper for plaintiff to be permitted to amend and supplement the compromise petition and thus convert the matter into an adversary action. The exception was overruled by the trial court, and we granted writs. On review, we reversed the trial judge, primarily on procedural grounds. In doing so, however, we made the following observations:
“In determining this question this Court must consider it against the background *870 of two basic principles of workmen’s compensation procedure: (1) In compensation cases the court should not be bound by technical rules of procedure, LSA-R.S. 23:1317; and (2) Amendments should be liberally granted.

Moreover, this Court held in James v. Acme Window Cleaners, 139 So.2d 586 (La.App.1962) that a supplemental pleading in a workmen’s compensation proceeding can be filed even after judgment. However, in the cited case the supplemental and amending petition was filed three days after the judgment was rendered and signed and within the delay for application for a new trial, which plaintiff did, in fact, apply for.” (193 So.2d 289, 290 and 291).
The First Circuit Court of Appeal said in Tate v. Gullett Gin Company & Liberty Mutual Ins. Co., supra, that “Amendments are permissible at any stage of such a case [workmen’s compensation suit], even in the Supreme Court, Mitchell v. Sklar, La.App., 196 So. 392, 394.” In Ryan v. Aetna Casualty and Surety Company, supra, a suit for workmen’s compensation benefits, the Second Circuit Court of Appeal held that “amendments to the petition may be made at any stage of the proceedings.” And, in Camet v. Aetna Ins. Co., 175 So. 152 (La.App.Orl.1937), a workmen’s compensation suit, the Court of Appeal, Orleans, stated that “we are inclined to the view that an amendment should be allowed even after submission of the case for judgment.”
Considering the provisions of LSA-R.S. 23:1315 and 1317, and the jurisprudence which has interpreted those statutory provisions, we think the court may permit amendments of the petition and answer in workmen’s compensation suits at any stage of the proceedings, but that the court must allow the amendment of the petition or answer in any such suit if the amended pleading conceivably could affect the outcome of the case and if it is presented before final judgment is rendered.
In the instant suit plaintiff presented and attempted to file a supplemental and amended petition eight days before a summary judgment was rendered dismissing her suit as to one defendant. It is true that the motion for summary judgment was pending at the time the supplemental petition was offered, but the amended pleading was presented one day before that motion for summary judgment was scheduled to be submitted on briefs. During the eight day period which elapsed between the time plaintiff attempted to file the amended petition and the date on which the judgment of dismissal was rendered, she filed a memorandum or brief in which she submitted to the court arguments which she felt supported the allegations contained in her amended pleading. No other judgment has been rendered in this suit, and the case has never been tried on the merits.
Under the circumstances presented here, and in view of our established jurisprudence, we think plaintiff should have been allowed to file the Supplemental and Amended Petition presented by her on April 12, 1979, and that the trial judge erred in denying her that right. The judgment appealed from thus must be reversed and the case remanded to the trial court. Although the judgment of the district court is being reversed and the case remanded, we express no views at all on any of the issues presented by the original or amended pleadings.
The summary judgment appealed from is reversed, and the case is remanded to the trial court with instructions to permit the filing of the Supplemental and Amended Petition requested by plaintiff, to hear and consider the issues raised by the pleadings, and to render such judgment or judgments as may be warranted by the law and the evidence. The costs of this appeal are assessed to defendant-appellee, Alwynn J. Cronvich.
REVERSED AND REMANDED.