HARDY, Judge.
Plaintiff instituted this suit against his employer and its insurer, praying for an award of compensation as for total permanent disability, together with statutory penalties and attorney’s fees. From a judgment awarding plaintiff compensation at the rate of $30 per week for a period of 100 weeks, beginning December 30, 1954, less a credit to the extent of 41 weeks, for compensation theretofore paid, both plaintiff and defendants have appealed, the former insisting upon a maximum allowance as for total permanent disability and the latter resisting his claim and seeking judgment rejecting plaintiff’s demands.
There is no contention as to the occurrence of an accident on March 18, 1954, in which plaintiff, who was employed as a roughneck, sustained severe back injuries. Plaintiff attempted to return to work for his employer, the defendant, Crescent Drilling Company, Inc., in May, 1954, but was forced to discontinue his effort to work, after approximately three days, because of pain. On July 26, 1954, a surgical operation for the removal of a herniated disc at the fourth lumbar space was performed by Dr. Howard H. Carr, a neurosurgeon of New Orleans. The operation did not accord plaintiff relief from severe pain and on September 11, 1954, Dr. Daniel M. Kingsley, an orthopedic surgeon of Alexandria, assisted by Dr. Carr, performed a laminectomy of the fourth lumbar vertebra. Plaintiff contends that he has continued to be totally disabled, not only with respect to the performance of the usual duties of a roughneck but to the extent of being unable to engage in any manual labor involving any degree of heavy exertion, particularly in connection with lifting or bending. On or about December 28, 1954, plaintiff obtained employment as a well logging engineer with Petroleum Well Logging Service of Shreveport, in which employment he had steadily continued up to the date of trial of this case on May 22, 1956. Defendant paid plaintiff compensation, at the then maximum rate of $30 per week, for a period extending from the date of the accident through date of December 30, 1954, the total payments amounting to the principal sum of $1,230, in addition to payment of maximum medical expenses. At the time of the accident plaintiff was earning approximately $70 per week. When plaintiff began his employment with *555 Petroleum .Well Logging Service he was paid $350 per month and at the time of trial was receiving $400 per month. The record conclusively establishes the fact that plaintiff’s work in this employment required relatively little physical exertion and is not to be compared with the strenuous duties required in the performance of roughnecking operations.
The principal issue tendered by this appeal relates to the determination of the factual question as to the extent of plaintiff’s disability. As above noted, plaintiff claims that he is permanently and totally disabled from performing the duties of the same or a similar occupation in which he was engaged at the time of the accident, and, on the other hand, defendants contend that plaintiff’s disability is limited to approximately 10%, which would limit his recovery to $3 per week for a period of 300 weeks, less credits for amounts previously paid. In consideration of the total payment of $1,230, representing 41 weeks compensation at $30 per week, defendants insist they should be discharged from any further liability.
The medical testimony consists of depositions by Dr. Faludi, a neurosurgeon of Shreveport, a witness for plaintiff, and Dr. Kingsley, the attending physician who performed the laminectomy, on behalf of defendants. Our appreciation of the testimony of these two medical experts leads to the conclusion that their opinions are in direct and irreconcilable conflict. The gist of Dr. Kingsley’s testimony is that the operation which he performed was a complete success; that the affected vertebra was removed; that plaintiff had completely recovered, and, as of the date of his examination of March 10, 1955, plaintiff had made an excellent recovery and should “try” to do hard work. Dr. Kingsley testified that plaintiff would suffer no structural weakness of his back which would prevent him from performing the duties incumbent upon roughnecking operations.
To the contrary, Dr. Faludi testified, positively, that plaintiff was totally disabled from performing the duties of a roughneck involving heavy lifting, bending, etc.
By reason of the opposed opinions of these two medical witnesses, we think it necessary to give thorough consideration to the lay testimony which was adduced on trial.
The testimony of plaintiff is clearly to the effect that he has continued to .suffer pain; that he is unable to perform any sort of labor which involves lifting even moderately heavy weights; that he cannot bend or stoop without pain. This testimony was adequately supported by plaintiff’s wife. Additionally, plaintiff tendered the testimony of a Mr. Joe Green, an experienced driller, with whose crew plaintiff was working at the time of his accident. This witness testified that, in his opinion, plaintiff would not be able to perform the duties of a roughneck; that he would not consider hiring him in such capacity, and he did not believe that plaintiff would be able to find employment of such a .character, in view of the nature of his injury and the continuance of his disability. The testimony of plaintiff’s present employer and a fellow employee additionally served to corroborate plaintiff as to the nature of his duties and his inability to perform any sort of heavy manual labor.
In view of the positive and overwhelming preponderance of the lay testimony we cannot reach any other conclusion than that plaintiff has adequately established his contention of permanent, total disability to do work of the same or a similar nature to that in which he was engaged at the time of his injury. |
In view of this finding defendants’ strenuous contention that plaintiff’s disability is limited to 10% must fail. This percentage was based upon an estimate made by Dr. Kingsley and cannot be regarded as controlling in view of the established facts which we have above outlined.
Turning to a consideration of plaintiff’s claim for the allowance of statutory penal*. *556 ties and attorney’s fees, it is to be noted that defendants discontinued payment of compensation as of December 30, 1954, and, unquestionably, this action was taken because of the information given by plaintiff himself that he was gainfully employed. It is further made completely clear by the record before us that the medical report rendered to the defendant insurer by Dr. Kingsley, which was dated December 23, 1954, did not advise that plaintiff at that time was able to return to work but specifically expressed Dr. Kingsley’s opinion that his patient should be able to return to his former occupation in “another sixty days.”
We are not familiar with any jurisprudence which even remotely suggests that the discontinuance of compensation is justified solely upon the fact that a claimant has obtained other employment. Strangely enough, distinguished counsel for defendants has completely ignored the issue of penalties in brief before this court.
The applicable principles of law and supporting authorities are well stated in Professor Malone’s work on Louisiana Workman’s Compensation Law and Practice, Section 273, as follows:
“ * * * where it is shown that the worker cannot perform work of the same character that he was performing at the time of accident the courts tend to announce that he is unable to do work of any reasonable nature, even though it appears that he can satisfactorily discharge the work incident to another calling, especially when the duties of the new position are less onerous.
* jfc * * * Jfc
“ * * * it is immaterial that a •favorable labor market may have made it possible for him to qualify temporarily for a wage equal to or even in excess of the amount earned prior to the accident.”
Under the factual circumstances of the instant case we think it is clear that plaintiff is entitled to an award as for total and permanent disability, together with statutory penalties and attorney’s fees.
For the reasons assigned the judgment appealed from is annulled and set aside, and there is now judgment in favor of plaintiff, Gordon H. Harper, and against defendants, Crescent Drilling Company, Inc. and American Employers Insurance Company, in solido, awarding plaintiff compensation at the rate of $30 per week commencing March 18, 1954, for a period not exceeding 400 weeks, with interest at the statutory rate from the dates due, until paid, subject to a credit for compensation paid for a period of 41 weeks.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff and against the defendants for statutory penalties to the extent of 12% per annum interest on all past due payments and upon all future payments which may become sixty days overdue, together with attorney’s fees in the principal sum of $1,000, and for all costs.
Supplemental Opinion
PER CURIAM.
It appears that the observation in our original opinion to the effect that counsel for defendants “ignored” the issue of penalties has caused counsel some embarrassment. Any such effect was entirely unintentional and, in fairness to counsel, we think it desirable to append this explanation, It is quite understandable that, having won a judgment in favor of his client in the trial court, counsel reasonably anticipated that his position was so meritorious that the question of penalties would not be at issue. Certainly there was no intention to cast any unfavorable reflection upon counsel, who has not been guilty in this case, nor in any matter before this court in his many years of practice, of fail *557 ing to exhibit the utmost diligence and effort in his devotion to the interest of his clients.
Attention has been called to an inadvertent error in our decree which awarded statutory penalties “to the extent of 12% per annum interest on all past due payments and upon all future payments * * *.” LSA-R.S. 22:658, under which the award of penalties is made, provides that the penalty shall be fixed at “ * * * twelve percent damages on the total amount of the loss * *
It follows that our decree should be, and, accordingly it is, amended by striking from the clause first above quoted the words “per annum interest.”