174 So.2d 241 (1965)
Arthur SMITH, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
No. 1375.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1965.
Tate & Tate, by Paul C. Tate, Mamou, for plaintiff-appellant.
Dubuisson & Dubuisson, by James G. Dubuisson, Opelousas, for defendant-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff Smith appeals from judgment dismissing his workmen's compensation suit for total and permanent disability *242 benefits. The defendant is the employer's insurer.
Smith was injured while working as a derrickman on a drilling rig. His work-caused injury greatly weakens his grasp, so that, according to the great preponderance of the testimony, it is no longer safe for either Smith or his fellow workers below for him to work as derrickman aloft in the drilling rig, required as such to handle and manipulate with precision, heavy tools, drilling pipe, and heavy machinery. However, Smith's injuries do not incapacitate him from performing the functions of a "floor" or ground roughneck, even though he is no longer able to secure employment as a derrickman; and Smith has in fact been able to obtain employment as ground roughneck since reaching maximum recovery from his hand-crushing injuries some six months after the accident.
The question is whether Smith is entitled to workmen's compensation benefits for total and permanent disability because he is no longer able to work as a derrickman, although still employable in other types of oilfield drilling work. Because of the different tests of disability enunciated for skilled or semi-skilled workers as distinguished from a common laborer, a subsidiary question involves a determination of whether the plaintiff's occupation as derrickman should be construed as skilled labor under the sometimes confusing workmen's compensation jurisprudence on the subject. In denying the plaintiff's claim, the trial court held that the plaintiff's work as derrickman should be classified as common labor under Anderson v. Rowan Drilling Co., La.App. 3 Cir., 150 So.2d 828, so that the plaintiff was not disabled under the act since his disability did not prevent him from securing employment in the common labor market.

I.
The plaintiff Smith suffered a crushing injury to his left hand. As a result, the last joint of his ring finger was amputated, and there is some sensitivity in the scar tissue of his hand. Prior to the injury, plaintiff had the full use and strength of his left hand, even though he had several years before suffered an injury to his little finger. The practically uncontradicted medical testimony shows that, with the additional injury and loss of flexion of his ring finger, the plaintiff now has a substantially weakened grasp, even though the disability of the left hand as a whole is estimated at only about thirteen percent.
The testimony of the attending physician, of an examining orthopedist, and of another general medical practitioner (who also testified as an expert in oilfield disability, based upon not only his medical experience but also on seven years of pre-medical experience in oilfields, including being a graduate petroleum engineer), as well as of the plaintiff himself, is that the weakened grasp renders it unsafe for the plaintiff to work aloft as a derrickman. (Another orthopedist felt that the weakened grasp did not so disable him.)
The evidence shows that the work of a derrickman involves his working aloft with drilling-pipe, placing it in and taking it out of the drilling hole. At such times, the work required of a derrickman is fast, coordinated, and precise, requiring him to manipulate 1500-pound lengths of drilling-pipe with both hands and placing them with split-second precision in elevator-arms of moving machinery. According to the evidence, the work requires the use of and strong grasp in both hands in other duties also, including the clambering aloft, the use of heavy pipe wrenches and sledge hammers, the grasp of ropes guiding drilling-pipe, the clinging to the derrick with one hand while the other is manipulating drilling pipe or using tools, etc.
The vast preponderance of the evidence thus proves, as the trial court indicated, that the plaintiff is no longer able to work as a derrickman because of his weakened grasp and the consequent danger to himself *243 and the ground workers involved in his attempting to perform the derrickman's duties aloft on the drilling rig. The legal question is whether this entitles him to workmen's compensation, in view of the fact that he can still perform the duties of a floor roughneck and has been able to secure employment as such.
To a great extent, this involves the determination of whether the work as derrickman is considered skilled labor for purposes of the disability jurisprudence under the workmen's compensation statute.

II.
As recently re-stated in Lawes v. Houston Fire and Casualty Insurance Co., 242 La. 251, 135 So.2d 920, 921: "`Our jurisprudence is settled that the clause "disability to do work of any reasonable character", as contained in the compensation statute, means disability to perform work of the same or similar description, kind or character (not necessarily the identical position) to that which the claimant was accustomed to perform or was undertaking when the injury occurred.' * * * `There is, of course, no hard and fast rule that can be laid down for guidance in the application of this rule to the limitless variations of fact presented to the courts. Each case must stand on its own peculiar facts. * * *'"
A skilled or semi-skilled employee "is regarded as totally disabled whenever an accident causes the loss of those physical faculties which had enabled him to earn a living at his chosen calling, and this is true even though he is able to qualify for a job of a different nature." Malone, Louisiana Workmen's Compensation (1951), Section 275, p. 334; Olivier v. Liberty Mutual Ins. Co., 241 La. 745, 131 So.2d 50; Brannon v. Jurich General Accident and Liability Insurance Co., 224 La. 161, 69 So.2d 1. On the other hand, if the employee is a common laborer, inability to do "work of any reasonable character" means that the employee cannot do work "reasonably similar" to the occupation in which injured, or that because of his work-caused condition he is substantially handicapped in competing in the general labor market to secure such reasonably similar work. Lawes v. Houston Fire and Casualty Insurance Co., cited above; Olivier v. Liberty Mutual Insurance Co., cited above; Bean v. Higgins Inc., 230 La. 211, 88 So.2d 30; Anderson v. Rowan Drilling Co., La.App. 3 Cir., 150 So.2d 828.
As the Anderson decision notes, 150 So.2d 832, quoting from Professor Malone's treatise: "`As the extent of skill required in the work performed prior to accident increases, there should be a correspondingly increased insistence that the new work closely resemble the old.'" See also Glidden v. Alexandria Concrete Co., 242 La. 625, 137 So.2d 894.

III.
The present plaintiff is a 47-year-old workman who has been employed in oil field drilling work since 1945, starting as a ground floor roughneck. For the last several years, the plaintiff has been employed as a derrickman. The evidence reveals this to be slightly higher paid work than that of roughneck, entrusted only to more experienced oilfield workers. While ground floor roughnecks often are called for short periods to spell the derrickman proper at work aloft, it is then necessary to run the rigs slower to prevent mishap unless a skilled derrickman is utilized. The derrickman's duties also include maintainence and operation of the pumps and the proper utilization of drilling mud.
Because the plaintiff is no longer able to work as a derrickman, the evidence shows that it is somewhat more difficult for him to secure employment as a roughneck because of his inability to relieve a derrickman, as well as totally impossible for him to secure employment as a derrickman proper.
*244 As to the skill required of a derrickman: The evidence reveals that a derrickman works at heights on a drilling-rig and has great need of manual dexterity and grip in his duties. According to the evidence in this record: a derrickman only attains his position after working quite a while as a ground roughneck, Tr. 165; his position is next in importance to that of the driller in running the rig, Tr. 166; work as a derrickman requires skill and agility in the quick and continuous placing of heavy drilling pipe and the operation of machine elevators raising it, Tr. 137-138, Tr. 146-147, 159; a derrickman has to know mud weights and viscosity, Tr. 165; he has to be able to fix mud pumps, change liners, and take off heads of pumps to change liners, Tr. 165; he has to be able to make sure his pumps are pumping out the right pressure, Tr. 167; and all in all it is a position which requires judgment and responsibility, Tr. 166-167.

IV.
In Todd v. Sunnyland Contracting Co., 85 So.2d 537 (La.App.), a derrickman, who had a weakened grasp because of the loss of phalanges off the end of two fingers (an injury similar to the present), was held to be totally and permanently disabled since no longer able to perform the duties of his skilled employment. The court rejected contentions similar to the present, stating, 85 So.2d 540: "After the examination of the evidence concerning the details of the work which a derrick man must do, we reach the conclusion that a derrick man should be classified as a skilled laborer. * * * We have no difficulty in concluding that the duties of a derrick man require somewhat greater skill and experience than that required of a rough neck and therefore, as have stated, conclude that a derrick man is a skilled laborer." See also Sisco v. Liberty Mutual Ins. Co., La.App., 153 So.2d 216, certiorari denied, where a derrickman was awarded total disability as unable to return to the duties of his trade, which required working at heights, because of dizzy spells and weakness which might endanger himself or his coworkers.
Quite similarly, the operator of an asphalt distributor machine, disabled by an arm injury from operating it although not from other types of labor (including common labor) or from operating a light truck or automobile, was held to be a skilled laborer and entitled to total disability benefits because no longer able to perform duties similar to those required of such trade or occupation as asphalt operator. Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695. Likewise, a "swamper" in logging operations, with duties of "cutting logs, driving teams, loading logs", 38 So.2d 226, was held entitled to total compensation because of a hand injury causing him to lose the grip necessary to use the tools of his trade"such as an ax, a rope, a canthook, or other tools which he had formerly used as an employee", 38 So.2d 226, on the ground that he was no longer able to perform work of the same or similar character in which he was injured. Hughes v. Enloe, 214 La. 538, 38 So.2d 225.
In the present instance, the present plaintiff is disabled from the work of a derrickman in which he had been employed, and it seems to us that his work was as skilled and his injury as disabling as these in the two cited Supreme Court decisions which held that the injured workmen were entitled to compensation for total and permanent disability.
Again, we regard as applicable the jurisprudence holding iron workers totally disabled because no longer able to work aloft, even though employable and in fact still employed as ground ironworkers. Pohl v. American Bridge Division, La.App.Orl., 109 So.2d 823, certiorari denied (neurosis); Borders v. Lumbermens Mutual Cas. Co., La.App. 1 Cir., 90 So.2d 409, certiorari denied (loss of grip because of index finger injury); Newsom v. Caldwell & McCann, *245 La.App. 1 Cir., 51 So.2d 393 (loss of knee motion).
In holding that the plaintiff was an unskilled laborer and not entitled to compensation becausealthough disabled from a return to work as a derrickmanhe could perform other types of skilled or common labor, our learned trial brother relied upon Anderson v. Rowan Drilling Co., 150 So.2d 828, a decision of this court. There, we held that, under the facts and evidence in that case, the plaintiff, a roughneck, was not entitled to compensation because a work-caused allergy to two or three chemicals did not prevent him from engaging in many other types of labor besides roughneck work. In so holding, however, we relied upon the relatively brief period of time in which the 20-year-old plaintiff had been engaged in the work of a roughneck, and upon the uncontradicted testimony of managerial employees that no special training or experience was required for this type of work.[1] The evidence in the present record reflects a different state of facts as to the present plaintiff. "`Each case must stand on its own peculiar facts.'" Anderson decision, at 150 So.2d 832.
Since the plaintiff is totally disabled from continuing to carry on the trade or work as derrickman in which the plaintiff was experienced and skilled, and in which he sustained his disabling injury, he is entitled, under the authorities above cited, to workmen's compensation benefits for total and permanent disability.

V.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff and against defendant, Travelers Insurance Company, awarding plaintiff total and permanent disability at the rate of $35.00 a week for a period not to exceed 400 weeks, subject to a credit for compensation payments made by defendant through and including October 26, 1963, with interest at the rate of 5% per annum on each past due payment from its due date until paid; and for medical expenses incurred by plaintiff as a result of the accident, not to exceed $2,500.00. Defendant to pay all costs of this suit in this court and in the district court.
Reversed and rendered.
NOTES
[1] [By the author of this opinion]

On the other hand, with development of different evidence concerning the duties of a roughneck present in other cases, a plaintiff disabled from performing work as a roughneck but able to work at other types of manual labor (including common labor) has been held to be entitled to compensation for total disability benefits because he is no longer able to return to work to perform the duties of a roughneck: Sykes v. Stout Drilling Co., 124 So.2d 200 (La.App.), certiorari denied (see: "The transcript of testimony is replete with evidence to substantiate a finding that the work of a roughneck involves technical skill." 124 So.2d 203); Powell v. Travelers Insurance Co., 117 So.2d 160 (La.App.), certiorari denied (see: Concerning ground roughneck who worked as lead-tong man catching long strings of pipe which derrickman is likewise manipulating and placing from above: "In the performance of these duties, it is obvious that the laborer must not only be skilled and experienced in the tasks undertaken, but that he must be constantly alert and possess a remarkable degree of agility to assure efficiency in his work and safety to himself and fellow employees". 117 So.2d 612. "Training and experience in the work is, without doubt, required of a roughneck." 117 So.2d 614.); Harper v. Crescent Drilling Co., 107 So.2d 553 (La.App.) See also: Fruge v. Pacific Employers Ins. Co., 226 La. 530, 76 So.2d 719, affirming 71 So.2d 625 (La.App.).