TATE, Judge.
This is a workmen’s compensation suit. The plaintiff Bellard was awarded benefits for total and permanent disability. An appeal is taken by the defendant, his employer’s insurer.
The question is whether Bellard, an oil field worker, is totally disabled by the work-caused loss of his left eye. If so, he is entitled to benefits for total permanent disability. LSA-R.S. 23:1221(2). The defendant contends that, to the contrary, Bellard is not disabled from doing work of a reasonable character despite the loss of his eye and that he has thus been full compensated by the payment of one hundred weeks compensation as provided by the statutory schedule for specific losses (loss of eye). LSA-R.S. 23:1221(4) (i).
Counsel for the defendant-appellant contends with considerable force that the trial court was in error in holding Bellard totally disabled simply because he wás no longer able to perform the specific duties of his former oil-field employment. He contends that the claimant was only a common laborer and was able to perform many other types of common labor despite the loss of his eye.
Counsel thus persuasively suggests that the claim of compensation for disability should be rejected because there is no proof that the plaintiff is substantially handicapped in securing employment in the common labor market, the test of disability for a common laborer. See Anderson v. Rowan Drilling Co., La.App. 3 Cir., 150 So.2d 828, and cases therein cited; cf., Smith v. Travelers Insurance Co., La.App. 3 Cir., 174 So.2d 241.
We find, however, that, within the meaning of the jurisprudence, the plaintiff Bellard was at least a semi-skilled workman. Under the jurisprudence, a skilled or semi-skilled workman is regarded as totally disabled whenever an accident causes the loss of those physical faculties which had enabled him to earn a living performing the *924 duties in which injured, even though despite his injuries he may be able to qualify and perform successfully other types of work. Smith v. Travelers Insurance Company, La.App. 3 Cir., 174 So.2d 241 and cases therein cited; cf., Anderson v. Rowan Drilling Co., cited above.
At the time of injury the plaintiff Bel-lard was working as a “swab helper”. “Swabbing” a well is to start the oil or gas flowing after the well has been shut down for reworking. According to the record, swabbing is performed by a two-man crew.
Without great detail, we will say tht the work of a swab helper consists of driving a heavy-equipment truck to the reworking sites and erecting an attached derrick about 35 feet in height, as well as performing certain other mechanical details. The jurisprudence is relatively settled that an occupation requiring the driving of a heavy truck is at least semi-skilled labor. Glidden v. Alexandria Concrete Co., 242 La. 625, 137 So.2d 894; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695.
The present record reflects, as the trial court found, that the plaintiff is disabled by the loss of his eye from driving the heavy equipment truck as well as from climbing, both being integral and necessary functions of his employment. The preponderance of the medical evidence shows that due to the loss of his eye Bellard has suffered a loss of depth perception and of the range of his vision so as to constitute a hazard to himself and to others if he attempts to drive heavy equipment trucks. In fact, Bellard, after attempting to return to his duties as swab helper, requested and was granted a transfer to inside clean-up duties after a second wreck due, he felt, to post-accident inability to judge distance well.
Under these circumstances, the loss by Bellard of his left eye has totally disabled him from a return to the duties of his semi-skilled occupation, and he is thus entitled to compensation for total and permanent disability. Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543; Aymonde v. State National Life Insurance Co., La.App. 3 Cir., 138 So.2d 460; Trahan v. Louisiana State Rice Milling Co., La.App. 1 Cir., 100 So.2d 914.
We therefore affirm the award to the plaintiff Bellard of compensation for total and permanent disability. The defendant-appellant is to pay the costs of this appeal-
Affirmed.