YARRUT, Judge.
This is an appeal by Defendant, Workmen’s Compensation insurer, from a judgment awarding Plaintiff $23.70 for three hundred weeks, less credit for compensation already paid, based upon partial disability.
Plaintiff was employed as a pipelayer for Defendant’s insured. In May, 1966, he fell as he was cleaning out a drain pipe, and suffered a herniated disc in the lower lumbar area. As a result of his injury, Plaintiff had to undergo a laminectomy, a surgical procedure for the removal of the posterior arch of a vertebra.
Plaintiff testified that he has been unable to return to the job as a pipelayer be *243 cause of persistent back pain; that, in the latter part of June, 1967, he was employed by a carpenter and roofer, to carry shingles, but had to discontinue this work after three days because it was too hard for him; and that he presently works as a general handy man for F. P. Clesi, a contractor, When asked what his present duties consisted of, he answered as follows:
“A. First thing I do in the morning, I go to the office and make coffee for them; I leave work from there and go to the houses on a Monday and mow the lawn for him; and then I go in his house and vacuum clean the floor and take the trash out for him on a Monday.”
Two lay witnesses testified for Plaintiff: (1) Edmond Tucker, Jr., the carpenter and roofer for whom Plaintiff worked for three days, and who testified Plaintiff was discharged because his work was unsatisfactory; (2) Joseph Banks, who also works for Mr. Clesi. Mr. Banks testified Plaintiff is apparently unable to do heavy work, and that he loads the lawn mower onto the truck for Plaintiff.
Two doctors testified, Dr. G. Gernon Brown, Jr., orthopedist, and Dr. Raeburn C. Llewellyn, a neurosurgeon.
On March 31, 1967, after being discharged by his treating physicians, Plaintiff consulted Dr. Brown, who found persistent restriction of motion in Plaintiff’s back, and was of the opinion that he had a twenty-five percent back disability, and would be unable to return at that time to his work as a pipelayer. However, on May 30, 1967, the date of Plaintiff’s last consultation with Dr. Brown, the doctor found that, although Plaintiff had a fifteen percent disability of the back, he had a full range of pain free motion in the lower back, and would be able to return to his former occupation as a pipelayer.
However, Dr. Brown testified that Plaintiff still did not have a “normal” back. Moreover, he testified as follows:
“Q. But isn’t it true, sir, that patients on occasions have been unable to perform that type of work even though the clinical examination indicated a complete range of motion?
A. Yes, this is correct.”
******
BY MR. RAPHAEL:
“Q. So there is no confusion in my mind, Dr. Brown, if I were to tell you that a patient who had the history that this patient had was now unable to return to work because of pain in his low back area around the site of the operation; that he was unable to do the heavy lifting he did before; will you express any surprise at this? Would it be unusual to you?
A. No, it would not be unusual.”
Dr. Llewellyn, who operated on Plaintiff, also testified that it would not be surprising for Plaintiff to experience low back pain while doing heavy labor. From both the medical and lay testimony, the Trial Judge concluded Plaintiff did experience pain while doing heavy labor. The Trial Judge also found Plaintiff was earning approximately $117.50 per week before the accident and $79.50 afterwards, or a difference of $38.00 per week. He based his award of sixty-five percent of $38.00, or $23.70 for three hundred weeks on LSA-R.S. 23:1221 (3), which provides:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:

(3) For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks * * *”
*244 It is well-established that the phrase “work of any reasonable character” means work similar to that which the claimant was performing at the time of his injury. Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Smith v. Travelers Insurance Company, La.App., 174 So.2d 241; Thomas v. Gates, Inc., La.App., 157 So.2d 263; Johnson v. W. L. Richeson & Sons, La.App., 53 So.2d 192.
Therefore, if Plaintiff is suffering from a partial disability to perform work of a similar character, the award is correct.
However, Defendant contends that the award should be based upon LSA-R.S. 23:1221(4) (p):
“(4) In the following cases the compensation shall be as follows:
‡ ‡ ‡ ‡ ‡
(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five percentum of wages during one hundred weeks.”
Defendant relies on this Court’s decision in Ursin-Smith v. United States Casualty Company, La.App., 173 So.2d 18, in which we applied LSA-R.S. 23:1221(4) (p), and gave an award based upon a fifteen to twenty percent disability of the back. However, in the cited case, we found plaintiff was not disabled to do work of a similar nature, but merely suffered an impairment of a bodily function.
There is a distinct difference between a medically-calculated impairment of a bodily function which does not hamper the claimant’s ability to do work similar to that which he did before the accident, and one which results in an inability to perform work of a character similar to that he engaged in before the accident causing a reduction of wages he is able to earn.
We agree with the Trial Judge’s conclusion that Plaintiff is partially disabled from doing work of a similar character; and that he properly is covered by LSA-R.S. 23:1221(3). This Section was designed to cover claimants in the same situation as Plaintiff who, because of partial disability, must do work for less pay than he earned before the accident in question.
For the above reasons, the judgment appealed from is affirmed; Defendant to pay all costs in both Courts.
Affirmed.