312 So.2d 924 (1975)
Ruby Lee BROOKS
v.
ACME CARTON CORPORATION and Aetna Casualty & Surety Company.
No. 6730.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Rehearing Denied June 11, 1975.
Writ Refused September 12, 1975.
*925 O'Keefe, O'Keefe & Berrigan, Allen H. Danielson, Jr., New Orleans, for plaintiff-appellee.
Adams & Reese, Edward J. Rice, Jr., New Orleans, for defendants-appellants.
Before GULOTTA, MORIAL and BEER, JJ.
GULOTTA, Judge.
This is an appeal by defendants from a judgment awarding workmen's compensation benefits for total and permanent disability. In answer to the appeal, plaintiff seeks statutory penalties and attorney's fees. We affirm.
Plaintiff injured her thumb on August 16, 1973, while stapling fiber cartons for bottled beverages causing an impairment of the distal end of the thumb.
Plaintiff's claim, among others, is that the medical evidence supports the trial judge's conclusion that she is unable to resume her pre-injury employment as a skilled worker, and as such, is entitled to total and permanent disability benefits.
It is defendants' position that plaintiff is not entitled to total and permanent disability benefits since her treating physician discharged her to return to work. Defendants further contend that plaintiff's pain is mildly discomforting and not excruciating; that the loss of strength in the thumb is minimal and that plaintiff has sufficient strength in the thumb to carry out the responsibilities of her employment.
It is defendants' claim that plaintiff is a common laborer and not a skilled worker as erroneously determined by the trial *926 judge. According to defendants, plaintiff suffered only a 23% maximum disability of the thumb and, therefore, is able to compete in a common labor market.
It is well settled that whether an employee is a skilled, a semiskilled or a common laborer depends upon the facts in each case. See Lawes v. Houston Fire and Casualty Insurance Co., 242 La. 251, 135 So.2d 920 (1961). A skilled or semiskilled employee is deemed to be permanently and totally disabled when he is unable to return to his pre-injury employment or substantially similar employment. See Smith v. Travelers Insurance Company, 174 So.2d 241 (La.App., 3d Cir. 1965) and Bellard v. Insurance Company of North America, 193 So.2d 922 (La.App., 3d Cir. 1967). See also Roberie v. Ashy Contruction Company, 215 So.2d 857 (La.App., 3d Cir. 1968), writ refused, 253 La. 323, 217 So.2d 414 (1969) and Carlock v. Gross, 200 So.2d 353 (La.App., 4th Cir. 1967).
Dr. David Aiken, a general surgeon who was originally consulted by plaintiff, and Dr. D. Delgado, a plastic surgeon who examined plaintiff, stated that Miss Brooks was unable to return to her former occupation and employment. They testified that plaintiff suffered substantial loss of dexterity because of the injury. In their opinion, plaintiff experienced pain when the distal end of the thumb was flexed and when pressure was applied to the thumb. According to these doctors, plaintiff will continue to suffer pain in the future.
On the other hand, Dr. George Hoffman, a plastic surgeon, discharged plaintiff to return to work. He was of the opinion that plaintiff was capable of performing the duties of her pre-injury employment.
We might say at this point that the doctors and the court had the benefit of a courtroom demonstration of the duties of plaintiff in her employment.
The lay testimony supports plaintiff's position that she is a skilled employee. Plaintiff and a coworker, as well as Albert Eariy, the vice president of Acme Carton Corporation, testified that dexterity is required in the operation of a stapling machine and that flexion of the thumb is necessary to apply pressure to the boxes.
Early stated a proficient box stampler stapled approximately 500 or 600 boxes a day. He indicated that plaintiff had been employed in her capacity for approximately 18 or 20 months and that experience was important in reaching the necessary speed and dexterity to operate the machine efficiently. Early classified plaintiff as being rather skillful in her occupation. He stated that more than a month operating the machine was required to become proficient.
We cannot say that based on the evidence in the instant case the trial judge erred in concluding plaintiff is a skilled laborer. Nor can we say the trial judge erred in concluding plaintiff is unable to carry out the duties required of her pre-injury employment. Accordingly, we conclude plaintiff is totally and permanently disabled.
Finally, we reject plaintiff's contention that she is entitled to penalties and attorney's fees in accordance with the provisions of LSA-R.S. 22: 658. In view of Dr. Hoffman's testimony, which was to the effect that plaintiff was able to return to her former employment, we agree with the conclusion of the trial judge that the actions of the defendant insurer were not arbitrary, capricious or without probable cause. Accordingly, the judgment is affirmed.
Affirmed.
BEER, J., dissents with written reasons.
BEER, Judge (dissenting).
I respectfully dissent for I am unable to agree with the determination that plaintiff is a skilled worker within the definition of *927 that term as envisioned by the Workmen's Compensation Act.
A worker may become extremely proficient at work that is not skilled work. A man with no training can, with practice and experience, become a proficient ditch digger, better at that work then his intellectually more advanced but less practiced and experienced counterpart who has been trained as a nuclear physicist. After the routine of a certain number of weeks or months on a job, his reflexes (not to mention the subconscious second nature that is, perhaps, best defined as "catching on") are sharpened and tuned. This is more true of unskilled work than of skilled work. But proficiency is not skill within the definition of skilled worker as I understand the term. Thus, such speed and dexterity as experience has brought to plaintiff's operation of the box stapling machine does not, in my view, make her a skilled worker when the operation itself is clearly one that could be (and was) fully learned the first day on the job.
I realize that this is a complex subject. It is certainly true that experience and the fact that she had "caught on" made plaintiff a more valuable employee. However, I believe that the plaintiff's burden of proof requires a clearer showing that the job was skilled work. Plaintiff herself testified in response to questions put to her by her own attorney that her only instructions in how to do the job were given, on the first day of work, by a co-worker named Jerri and that she was, thereafter, fully qualified and able to "go ahead and start doing [her] job." Within a month plaintiff was producing as many or more stapled boxes as her co-workers.
Mr. Albert C. Early, Vice President of Acme Carton Corporation testified that it takes about a month for a worker to become fully proficient in the operation of the staple machine which he described as a "simple operation."
The trial judge stated that plaintiff was an unskilled laborer who "... ripened into a skilled laborer ..." because she became reasonably proficient at her unskilled job. If this is the test, then every unskilled worker in Louisiana who does his job well enough to keep from being fired will, perforce, be "skilled" after a few weeks or months on the job. I am in disagreement with this conclusion. Yet, it seems to be the holding in this case since the trial judge actually made the factual determination that "Miss Brooks began work as an unskilled laborer."
Accordingly, I respectfully dissent.