SAMUEL, Judge.
On July 8, 1968 plaintiff filed this suit against the City of New Orleans seeking workmen’s compensation benefits for total and permanent disability resulting from an injury sustained when he struck his knee on fire equipment while employed by the New Orleans Fire Department. As amended, the petition alleges the accident occurred on August 21, 1965, but did not manifest itself *398 until July, 1967. On August 31,1973, plaintiff again amended, alleging he was totally and permanently disabled as a result of obstructive lung disease, which disease resulted from inhalation of smoke at a marsh fire on February 10, 1973, and predicated this claim on the workmen’s compensation statute and on R.S. 33:2581, commonly known as the Heart and Lung Act.
To the original petition and the amendments the defendant City filed various exceptions, all but one of which were overruled.[1] Thereafter, the City answered, denying any liability.
The entire matter was submitted by both parties on stipulation, and judgment was rendered in favor of plaintiff, finding him permanently and totally disabled as of February 10, 1973 and awarding him $49 a week from that date for a period not to exceed 500 weeks. Defendant has appealed.
Plaintiff began work as a fireman on August 9,1961. During the first two years he attended several lumber yard fires at which he inhaled and ingested large amounts of heat and smoke. In September and October, 1964 he was treated-for, and lost work as a result of, a bronchitis condition.[2] In February, 1965 plaintiff suffered a chest infection, and lost four more days of employment. Both these conditions occurred during the first five years of his employment with defendant.
Thereafter, petitioner claims he sustained an injury to his knee on August 21, 1965, which did not immediately manifest itself. He was off duty for practically eight months as a result of this condition. He returned to work for three months and was again taken off active duty for a year and eight months because of an infection of his left leg.
No weekly compensation benefits were paid from August 21, 1965 until suit was filed on July 8, 1968. Defendant points out that from the time of the knee injury in 1965 until he returned to work after his leg infection, plaintiff was off duty approximately 2V2 years. Plaintiff was again taken off firefighting duties on September 21, 1968 and worked as a fire dispatcher until January 9, 1972, a period of approximately four years and five months.
Finally, plaintiff asserts he inhaled large quantities of smoke on February 10, 1973 and filed a report on March 8, 1973 that he was disabled by a lung condition caused by “Firefighting over a period of time resulting in chronic obstructive lung disease.”
In this court the City contends the trial court erred: (1) in failing to find plaintiff’s original claim in the petition filed on July 8, 1968 had prescribed in that more than one year elapsed between the alleged injury on August 21, 1965 and the date of filing; (2) in failing to dismiss the supplemental and amending petition of August 31, 1973 (in which the lung condition first was alleged) because it stated a new cause of action arising subsequent to the date of filing the original petition, citing LSA-C.C.P. Art. 1155; and (3) in finding plaintiff totally and permanently disabled as of February 10, 1973 because the evidence was insufficient to establish the lung condition had developed during, and was caused by, his employment as a firefighter and because plaintiff is not entitled to the presumption set forth in LSA-R.S. 33:2581 (that the disease developed during the employment).
Regarding the first contention, the trial court did not conclude plaintiff was entitled to compensation as a result of the 1965 knee injury, but instead based his award on the February 10, 1973 smoke inhalation incident. As plaintiff now concedes the 1965 injury has prescribed, no further consideration need be given it.
With regard to the filing of the supplemental and amending petition in which the lung condition was first set forth, we note the case was submitted to the court for decision upon stipulation of fact ¿nd medical reports. While defendant may be technically correct, the parties do not show *399 they, or either of them, would offer proof as to any other facts if a new suit was filed and it appears that the defendant would not be prejudiced in any way by not requiring plaintiff to file a new suit. Therefore, all facts now being before the court, judicial economy and the fact that this is a suit in workmen’s compensation dictate this matter be decided now.
As to the third contention, the Heart and Lung Act[3] simply provides a presumption that a disease or infirmity of the heart or lungs developed during the firefighter’s employment when it manifests itself after the first five years of work. In this case plaintiff’s lung condition manifested itself prior to the end of the first five years of his employment with defendant, but this fact simply eliminates the presumption that the condition developed during the employment. Under the general workmen’s compensation statute, plaintiff may still recover if he is able to prove his ease by a preponderance of the evidence without the benefit of such presumption.[4]
The Supreme Court dealt with a heart condition in Bertrand v. Coal Operators Casualty Company.[5] In that case the court stated the criterion to establish a causal connection between an accident and disability is whether the accident changed the plaintiff’s condition in such a way as to render him disabled and unfit for his former employment. In so holding the Supreme Court rejected the previous jurisprudence which required positive medical proof that a sudden, undesigned or unexpected accident must either cause or aggravate the disease which is the cause of the disability.
A similar line of jurisprudence clearly establishes a plaintiff’s right to compensation benefits when an injury aggravates a preexisting condition.[6] Moreover, it is well settled that, prior to the effective date of Act 583 of 1975 an employee was entitled to total and permanent disability benefits under the workmen’s compensation statute when he was unable to return to the same or substantially the same employment in which he was engaged at the time of the accident.[7]
In the present case, plaintiff had been working for approximately thirteen months as a firefighter before the incident of smoke inhalation on February 10, 1973. There is nothing in the record to indicate that either the bronchitis condition or the chest infection had anything to do with any disability after February, 1965. Although plaintiff sustained an injury to his knee which resulted in disability for some time, there is nothing to indicate the knee-connected disability interfered with or caused the lung condition or to indicate plaintiff was not satisfactorily performing his duties as a firefighter during the thirteen months preceding February 10, 1973.
The only evidence in the record regarding plaintiff’s obstructive lung disease and the marsh fire incident of February 10, 1973 is the stipulated testimony of plaintiff, Captain Dillenkoffer (now Fire Chief Dillenkof-fer) and plaintiff’s wife and the medical reports of Dr. Carl J. Dicharry, plaintiff’s *400 treating physician, and Dr. Jack P. Ruli, a specialist in internal medicine.
The stipulated testimony of the three lay witnesses contains an account of the severity of the marsh fire and its effect on plaintiff.
Dr. Dicharry found plaintiff totally disabled and recommended he never return to work in smoke or chemical fumes. His reports also establish plaintiff’s admission to treatment was precipitated by the marsh fire of February 10,1973. His report dated November 6, 1975 states:
“I feel that Mr. Buse has chronic bronchial lung disease in part related to his smoking habits but again in part related to an aggravated condition of his smoke inhalation related to his prior work as a fireman.”
In a report dated August 20, 1973 Dr. Ruli states:
“It is my opinion that chronic lung disease develops slowly over a period of years. I am not in a position to state whether or not his illness was caused by fire duty. I definitely feel, however, that fire duty constitutes an aggravating factor.
Because of the nature of this man’s problem, I recommend that he be placed on pension.”
Thus, while it is true plaintiff had a bronchitis episode and chest infection in the past, the record contains sufficient medical evidence to establish the smoke inhalation incident changed plaintiff’s condition in such a way as to render him disabled for further employment. As the Supreme Court said in the Bertrand case:[8]
“We have repeatedly said it is immaterial that the disability could have been brought on by other causes other than trauma, if in fact trauma on the job which meets the standard of ‘accidental injury’ within the workmen’s compensation act is a disabling factor.”
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The court upheld an exception of vagueness, but allowed plaintiff to amend.

. During this period plaintiff contends he lost 5 days and defendant contends he lost 11 days.

. LSA-R.S. 33:2581 provides:
“Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.”

. See Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816.

. Id.

. See, for example, Carney v. Liberty Mutual Insurance Company, La.App., 277 So.2d 175; Carter v. Avondale Shipyards, Inc., La.App., 308 So.2d 472.

. Brooks v. Acme Carton Corporation, La.App., 312 So.2d 924.

. Supra, note 4.