417 So.2d 398 (1982)
Willie WILLIAMS
v.
PUBLIC GRAIN ELEVATOR OF NEW ORLEANS, INC. and Fireman's Fund Insurance Company.
No. 13109.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Rehearing Denied August 19, 1982.
M. H. Gertler, New Orleans, for plaintiff-appellant.
Christovich & Kearney, Robert E. Peyton, New Orleans, for defendants-appellees.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granting defendants' motion for summary judgment on the basis of prescription. Plaintiff has appealed.
In the instant appeal, plaintiff worked for Public Grain and its predecessor from 1952 through January 31, 1980. On January 31, plaintiff was forced to quit work as a result of a "shortness of breath and weakness." On May 21, 1981, plaintiff was examined by a specialist in pulmonary diseases, Dr. Morton Brown, and was informed that he had pneumoconiosis, an occupational disease caused by exposure to grain dust and pesticides. On August 12, 1981, plaintiff filed this suit for workmen's compensation, which was dismissed via summary judgment on the basis of prescription under the occupational disease statute, R.S. 23:1031.1.
R.S. 23:1031.1, as amended by Acts 1980, No. 666, provides as follows:
"All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(A) The disease manifested itself.
(B) The employee is disabled from working as a result of the disease.
(C) The employee knows or has reasonable grounds to believe that the disease is occupationally related."
Defendants argue that plaintiff "kn(ew) or ha(d) reasonable grounds to believe that his disease (was) occupationally related" because of (1) the existence of the symptoms, short-windedness and weakness, and (2) plaintiff, along with all of his coworkers, *399 complained to the management of Public Grain Elevator of New Orleans, Inc. when management failed to provide the workers with protective masks. Plaintiff has been receiving medical treatment for some time before Dr. Brown's diagnosis of May 21, 1981, but he had not been diagnosed as having an occupational disease.
At trial, proof of the connexity between a disease and the place of employment is shown by both fact witnesses and expert testimony. Needless to say, not all diseases suffered by working individuals are occupational diseases and the diagnosis of a disease as an occupational disease requires expert testimony. No court in this land would find an "occupational disease" solely on the basis of lay testimony, yet defendants argue that a layman should be able to diagnose his illness as an occupational disease for purposes of prescription. We do not agree.
In the instant appeal, we must conclude that plaintiff "kn(ew) or ha(d) reasonable grounds to believe that the disease (was) occupationally related" on May 21, 1981, only when examined by the medical specialist, Dr. Brown, and not before.
For the reasons discussed, the judgment of the district court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.