GARRISON, Judge.
This is an appeal from a judgment of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, rendered November 7, 1984 providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment here *675 in in favor of Plaintiff, WARREN H. DREWES, and against the defendants, PARISH OF ST. BERNARD, STATE OF LOUISIANA, ST. BERNARD PARISH FIRE DEPARTMENT, AND THE AMERICAN INSURANCE COMPANY, jointly and in solido, for Worker’s Compensation Benefits, in the amount of $204.00 per week commencing on December 27, 1982, plus all necessary and related medical expenses during the remainder of plaintiffs life or until the further orders of this court, plus legal interest on each payment from date due until paid, and for all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following expert fees are hereby cast as costs in these proceedings.
Dr. Blaise Angelico $300.00
Dr. I.L. Fontenelle $ 75.00”
The trial judge provided the following written reasons for judgment:
“Plaintiff, Warren H. Drewes, was employed by the St. Bernard Parish Fire Department on August 1962 through August 18, 1981, the date of his retirement. Plaintiff visited his family physician, Dr. I.L. Fontenelle in June of 1979 for arm and shoulder problems and was advised that he had emphysema but could perform his duties. Plaintiff resumed his normal duties but was advised on September 19, 1979 by Chief Lester Cureau that he was not to return to work until a letter was received from his physician stating that he might return to full duty without restrictions. Dr. Fontenelle then advised that the previous opinion of emphysema was in error. The plaintiff then worked to his retirement date.
After retirement plaintiff consulted Dr. Blaise A. Angelico, an internist, for various ailments and on December 27, 1982 was informed he was indeed suffering from ‘Chronic Obstructive Pulmonary Disease (emphysema).’ On January 4, 1983, a claim for compensation benefits under the provisions of R.S. 33:2581 ‘Development of Heart and Lung Disease during Employment Classified Fire Service: Occupational Disease’ was filed with the St. Bernard Fire Department. Plaintiff’s claim being denied, he filed suit on May 2, 1983.
Plaintiff contends that it was not until December 27, 1982 that he learned of a ‘chronic obstructive pulmonary disease— emphysema’ and that it developed during his nineteen years of fire service, and under the provisions of R.S. 33:2581, he is entitled to compensation.

R.S. 33:2581

‘Any disease or infirmity of the heart of lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.’
The statute provides that the disease is presumed prima facie to have developed from the employment and thus the burden of proof is shifted from the employee to the employer to prove a lack of causation between the disease and the employment. This the employer has failed to do. Drewes testified that during his nineteen years as a fireman he responded to fight numerous house fires, explosions and firest at the American Sugar Refinery as well as fires at Tenneco Oil Company at Chalmette. Plaintiff has also testified without contradiction that in the earlier days (before 1978) St. Bernard Firemen were not provided with air *676 packs and necessarily inhaled smoke while extinguishing fires.
In addition to the legislative presumption the court finds a factual causation between plaintiffs condition and his employment, and accordingly, compensation will be awarded.
See: Vincent v. City of New Orleans, 326 So.2d 401 (4th 1976 [(1975)]); Buse v. City of New Orleans, 349 So.2d 397 (4th 1977); Saling v. City of New Orleans, 398 So.2d 1205 (4th 1981); Lofton v. La. Pacific Corp., 410 So.2d [1171] (3rd 1982)
Since plaintiffs true physical condition was not known prior to his retirement, his employer concluded that a claim for benefits was therefore moot. The court is of the opinion that this position was reasonable, although erroneous, and accordingly, the claim for penalties, attorney’s fees and interest will be denied.”
On appeal, defendant argues that the trial court erred:
1. in failing to find that the case had prescribed, and
2. alternatively, in allowing a rate of $204.00 a week.
Warren Drewes commenced employment with the St. Bernard Parish Fire Department in August of 1962. For the first 15 years of his employment, no uniforms, protective clothing, smoke inhalation masks or airpacks were provided to the firefighters. Mr. Drewes was promoted, eventually achieving the rank of Captain.
In June of 1979, Mr. Drewes underwent his annual physical administered by his family physician, Dr. Fontenelle. At that time Dr. Fontenelle diagnosed emphysema, but stated that Mr. Drewes could continue working. In September of 1979, Mr. Drewes was informed by the commander that he could not continue working unless he presented a letter from his physician which so stated.
In January of 1980, Dr. Fontenelle had a second set of x-rays taken by the same radiologist at the same hospital. According to Dr. Fontenelle, the second set of x-rays revealed “no evidence of active lung disease, pleural thickening or fluid.” Between the first and second set of x-rays, Mr. Drewes had quit smoking. Accordingly, Dr. Fontenelle reversed his prior diagnosis, and made a finding of “no emphysema.”
On August 18, 1981, Mr. Drews retired.[1] On December 27, 1982, Mr. Drewes consulted a specialist, Dr. Blaise Angelico, who diagnosed cardiac disease and chronic obstructive pulmonary disease (emphysema).
On January 4, 1983 Mr. Drewes filed a claim for workmen’s compensation which was later denied. On May 2, 1983, he filed the instant suit.
R.S. 23:1031.1 provides a tripartite test for determining the start of the running of prescription for occupational diseases. It is required that all three parts be met before prescription can begin to run. Thornell v. Payne & Keller, Inc., 442 So.2d 536 (La.App. 1st, 1983).
“All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(A) The disease manifested itself
(B) The employee is disabled from working as a result of the.disease; and
(C) The employee knows or has reasonable grounds to believe that the disease is occupationally related.”
In Williams v. Public Grain Elevator of New Orleans, Inc., 417 So.2d 398 (La.App. 4th, 1982) this Court before the panel of Gulotta, Garrison, and Barry, with Judge Garrison as writer stated:
“At trial, proof of the connexity between a disease and the place of employment is shown by both fact witnesses and expert testimony. Needless to say, not all diseases suffered by working individuals are occupational diseases and the diagnosis of a disease as an ‘occupational’ disease ‘requires’ expert testimony. *677 No court in this land would find an ‘occupational disease’ solely on the basis of lay testimony, yet defendants argue that a layman should be able to diagnose his illness as an occupational disease for purposes of prescription. We do not agree.
In the instant appeal, we must conclude that plaintiff 'kn(ew) or ha(d) reasonable grounds to believe that the disease (was) occupationally related’ on May 21, 1981, only when examined by the medical specialist, Dr. Brown, and not before.” At 399. (Emphasis supplied).
In the instant case, Mr. Drewes relied upon the expert diagnosis of his doctor. Additionally, Mr. Drewes was never “disabled from working as a result of the disease.”
Accordingly, the trial court correctly held that the case had not prescribed.
Turning to defendant’s second argument, we note that R.S. 23:1202 provides:
“... For injuries occuring on or after September 1, 1977 and before July 1, 1983 ...”
All three dates — May of 1981, August of 1981, and December of 1981 — occur within the September 1, 1977 through June 30, 1983 and as such are all subject to the same rate.
Accordingly, the judgment of the District Court is affirmed.
AFFIRMED.
REDMANN, C.J., dissents.

. May, June, and July, Mr. Drewes "used up” his accumulated vacation time. Thus his last active day was in May, but he did not retire until August.